## Case No. 553.

### ARNOLD v. BISHOP et al.

[1 MacA. Pat. Cas. 36; Cranch, Pat. Dec. 109.]

Circuit Court, District of Columbia. Nov., 1841.

PATENTS FOR INVENTIONS AND SOLE INVENTOR— APPEAL FROM COMMISSIONERS.

[1. Under Act 1836, § 6, an application for letters patent for an invention will be refused when it appears that the applicant is not the sole inventor, but one of three joint inventors.]

[2. By Act 1839, § 11, on an appeal from a commissioner's decision rejecting an application for a patent, the review must be confined to the points involved in the reasons of appeal, and, in the absence of error in such points, the decision must be affirmed, although the judge should be of opinion, upon the evidence and merits of the whole case, that the patents ought to have been granted; and, if the judge should reverse the decision of the commissioner upon those points, the patent must issue, although the judge should be of opinion, from the whole case, that the patent should not issue.]

[On appeal from the commissioner of patents.]

Statement of the case: Subsequent to the preceding decision of the honorable judge, [Arnold v. Bishop, Case No. 552,] he transmitted a second opinion to the office in the following words:

CRANCH, Chief Judge. After I had sent my opinion in this case to the commissioner of patents, on the 30th day of October last, I was satisfied that I had misapprehended the attorney of Mr. Arnold in supposing that in case I should sustain his objections to the testimony and evidence on the part of the appellees he would not desire to be further heard. I therefore determined to hear his further argument on the 20th instant at my chambers, of which I gave notice to the attorneys of the parties, and they attended, viz., Doctor Jones on the part of the appellant and Mr. Morfit on the part of the appellees. Mr. Fitzgerald also attended on behalf of the patent office, to give any explanations, &c., which might be required. Doctor Jones then presented his further argument in writing, in which he contended that the claim of Mr. Arnold for a patent is not included in the covenant to the Union Manufacturing Company, of which Mr. Lownsberry is a member; and, therefore, that the interest of Mr. Lownsberry "cannot be the same whether the patent should be granted to Arnold or to the three applicants." I cannot, however, perceive how that consequence should follow. It is only by introducing the assignments and covenants by Mr. Arnold to the Union Manufacturing Company, and by showing that those covenants cover this claim, that Mr. Lownsberry is supposed to be interested. If those covenants do not cover this claim, then Mr. Lownsberry is not interested; and if they do, then, as all the applicants are bound by similar covenants, it is not material to him which prevails. The only question for me to decide is that which is suggested by the reasons of appeal, viz., whether Mr. Arnold was the sole inventor of the machine. To that question it is wholly immaterial whether it be an entirely new machine or an improvement upon an old one. Upon a careful review of the depositions of Alonzo C. Arnold, Mr. Waters, and Mr. Lamb, taken on the part of the appellant, and of that of Mr. Lownsberry on the part of the appellees, I am still of opinion that Mr. Arnold has not supported his claim as sole inventor.

But it is suggested that there is no law which authorizes the commissioner of patents to withhold the grant of a patent in the case in question; that is, where the applicant is not the sole inventor; that it is not one of the grounds, stated in the seventh section of the act of 1836, which would justify the commissioner in refusing the ·patent; and that the only one of these grounds which can be supposed to apply to this case is its appearing to the commissioner that the same thing had been invented or discovered by some other person prior to the alleged invention or discovery by the applicant. By the sixth section of the same act the applicant must be the inventor. One of three joint inventors cannot with propriety be called the inventor; and if he applies for the patent,

the commissioner is bound to refuse it. This seems to be admitted in the reasons of appeal, where it is said that Arnold, who has sworn that he was the first and original inventor, cannot, without admitting that he has been guilty of perjury, acknowledge that Bishop and Aiken were joint inventors with him; and upon their own showing, a patent cannot be granted to Bishop and Aiken without the concurrence of Arnold. Here, then, is the authority of the commissioner to withhold a patent from an applicant who is not the sole inventor.

In my former opinion in this case I stated as one of the grounds for affirming the decision of the commissioner of patents rejecting the claim of Mr. Arnold, that he had lost his right, if he had any, by suffering the machine to be in use for more than two years before his application for a patent. I should have said "public use," which are the words of the statute. But, upon reflection, I doubt whether I can decide upon any other matter than that which arises upon the reasons of appeal. The words of the act of 1839, § 11, which confer the jurisdiction upon the judge, after allowing the applicant a right to appeal by giving notice thereof to the commissioner, filing his reasons of appeal, and paying into the office twenty-five dollars to the credit of the patent fund, are: "And it shall be the duty of the said chief justice, on petition, to hear and determine all such appeals, and to revise such decisions in a summary way on the evidence produced before the commissioner at such early and convenient time as he may appoint, first notifying the commissioner of the time and place of hearing; whose duty it shall be to give notice thereof to all parties who appear to be interested therein in such manner as said judge shall prescribe. The commissioner shall also lay before the judge all the original papers and evidence in the case, together with the grounds of his decision, fully set forth in writing, touching all the points involved in the reasons of appeal to which the revision shall be confined," i. e., the revision by the judge shall be confined to the points involved in the reasons of appeal; he is to hear and determine such appeals; but he is to revise the decision of the commissioner only in respect to the points involved in the reasons of appeal. If the commissioner did not err in those points, his decision upon those points must be affirmed, although the judge should be of opinion upon the evidence and the merits of the whole case that the patent ought to have been granted. So, if the judge should reverse the decision of the commissioner upon those points, it would seem that the patent must issue, although the judge should be of opinion that, upon the whole case, as it appears in evidence before him, the patent ought not to issue. I say that this would seem to be the effect of such a decision, because the effect of such a decision upon the further proceedings of the

commissioner would depend upon the question whether the reasons of appeal thus affirmed by the judge involved the merits of the case. If they did not, the commissioner might well say it is true that I erred in those points, but my objections to the issuing of the patent still exist untouched by the decision of the judge.

The words of the act are, that the judge's decision "shall govern the further proceedings of the commissioner in such case." This must apply only to so much of the case as is involved in the reasons of appeal; and the appeal itself can be considered only as an appeal to so much of the decision of the commissioner as is affected by such reasons. If, therefore, after the judge shall have decided in favor of the applicant upon the points involved in his reasons of appeal, other sufficient reasons remain for refusing the claim for a patent, untouched by the decision of the judge, it would seem that the commissioner might properly still reject it. Whether such new rejection would be subject to appeal, is a question which may be left, as well as the effect of the judgment of the judge in regard to the subsequent proceedings of the commissioner, to future decisions, as cases may arise, requiring a decision upon these points. For these reasons I doubt very much whether it was competent for me to decide in this case that Mr. Arnold had lost his right to a patent by suffering the machine to be in public use for more than two years before his application for a patent. So much, therefore, of my former opinion in this case may be considered as extra-judicial and as withdrawn. This renders it unnecessary to answer the very ingenious argument of Mr. Arnold's attorney upon that point, which argument, however, has not in any degree diminished my confidence in the correctness of the opinion which I have thus withdrawn. This withdrawal does not in any manner affect the judgment which I certified on the 29th of October, 1841, inasmuch as I am still of opinion that Mr. Arnold has not supported his claim as sole inventor of the machine for which he claims a patent.

The judgment, therefore, rendered by me and certified on the 29th of October last must stand as my final decision in this case.