## Case No. 107.

### In re AIKEN.

[1 MacA. Pat. Cas. 126.]

Circuit Court, District of Columbia. 1850.

PATENTS FOR INVENTIONS — DECISION OF COMMISSIONER—REVIEW.

[1. The federal courts, in reviewing the decision of the commissioner of patents refusing an application for letters patent, is limited to the points involved in the reasons of appeal.]

[2. It is no ground for reversing the refusal of the commissioner to grant letters patent that the reasons given by him for such refusal are irrelevant to the subject-matter.]

[3. Act July 4, 1836, § 7, provides that, upon the filing of an application for letters patent, the commissioner shall make, or cause to be made, an examination of the alleged new invention, etc. Held, that the commissioner cannot transfer his own power of passing upon the question of patentability to those selected to assist in such an examination, or constitute them a board of examiners known in law as such.]

Appeal from refusal to grant patent.

[Application by Herrick Aiken for a patent for certain alleged improvements in submarine propellers. The application was rejected by the commissioner. Applicant appeals. Affirmed.]

Z. C. Robbins, for appellant.

CRANCH, Chief Judge. Appeal from the decision of the commissioner of patents rejecting the application of the appellant for letters-patent for improvements in submarine propellers. The supervision of the judge is limited to the points involved by the reasons of appeal.

The following are the reasons of appeal filed in the patent office: "1. The reasons assigned by the commissioner for rejecting my application are irrelevant to the subject-matter under consideration, and therefore do not apply, and cannot be properly construed to meet the points in the case. 2.

The commissioner erred in declaring that the patent granted to James Montgomery, August 7th, 1847, was a bar to my application. 3. The commissioner erred in declaring that the rejected application filed by Perry G. Gardner was a bar to my application. 4. The commissioner erred in declaring that the rejected application filed by John Finley was a bar to my application. 5. The commissioner erred in judging of the uses, advantages, and effects of the radical divisions in the cylinders placed in front and rear of the propeller, screw, or wheel operating in the centre cylinder. 6. The commissioner erred in declaring that the patent granted to Thomas Reiley, January, 1842, was a bar to my claims for the radical divisions in the cylinders. 7. The commissioner erred in declaring in his letter of rejection of the 27th of February, 1850, that the rejected application filed by John Finley in 1838 was a bar to my application. 8. The commissioner has not referred to any propeller made in the same way and manner, nor to any propeller proposing the same combination of the several parts, nor that is composed of so few pieces, or that is so little liable to get out of order, or that has the same action upon the water, or that produces the same effect, or will propel a ship or other vessel so fast with the same amount of power applied, or that will propel a ship across the ocean in so short a time. Neither has the commissioner referred me to any submerged propeller professing identity, similarity, or interference with my invention; consequently his references are irrelevant, and do not apply to the subject-matter under consideration, and therefore his decision is contrary to law, and I therefore pray your honor to reverse it."

The first reason of appeal is "that the reasons assigned by the commissioner for rejecting the application are irrelevant to the subject-matter under consideration, and therefore do not apply." They are therefore no ground for reversing the decision of the commissioner. The supervision of the judge is confined to the points involved by the reasons of appeal. In this reason of appeal no point material to the case is involved. It is immaterial what reasons the commissioner assigned for his decision. His reasons might be insufficient, and yet the decision be correct. Such insufficient reasons are no ground to reverse his decision.

The second reason of appeal is "that the commissioner erred in declaring that the patent granted to James Montgomery, August 7th, 1847, was a bar to the appellant's application." No such declaration of decision was made by the commissioner, and there is no such ground for reversing his decision.

The same answer may be made to the third, fourth, fifth, sixth, and seventh reasons of appeal.

The eighth reason of appeal does not involve any point material to the issue in this case.

Mr. Aiken's propeller may possess all the benefits, advantages, and superiority which he claims for it, and yet the decision of the commissioner rejecting his application may be correct. The question is not whether Mr. Aiken's invention is more useful than that of others, but whether it is new and sufficiently useful to justify a patent; and that point is not involved by any of the reasons of appeal. The decision of the commissioner, therefore, in this case is affirmed.

The commissioner, in stating the grounds of his decision to the judge, in writing, in July, 1850, refers to his own letter to the applicant, dated February 27th, 1850, in which the commissioner says: "Your claims to letters-patent for alleged novelties in a submerged propeller have been submitted to a board of examiners, who have decided unanimously that they present nothing essentially new or patentable, and confirm the former decision of this office respecting the same." As this may tend to mislead the public as to the powers of the examiners in the patent office, I deem it proper to say that I have no knowledge of any legal board of examiners in the patent office having power or authority to affirm or reverse the decisions of the commissioner of patents. The powers and authority of the board of examiners provided for in the seventh section of the act of July 4th, 1836, were transferred to the judge by the eleventh section of the act of March 3d, 1839; and so much of the act of 1836 as provided for a board of examiners is repealed by the twelfth section of the act of March 3d, 1839. By the seventh section of the act of 1836, upon the filing of an application, &c., the commissioner is to make, or cause to be made, an examination of the alleged new invention, &c. This examination may be made by the commissioner alone or with the aid of such examiners as he may assign for that business; but he cannot transfer to them, or any of them, his own power to decide. He cannot constitute them a board of examiners, known in law as such. They are but the assistants of the commissioner in the discharge of his duties.