## WILLIAM H. BURLEW, APPELLANT,

### *vs.*

## JOHN O'NEIL, APPELLEE.   INTERFERENCE.

JURISDICTION OF THE JUDGE—REASONS OF APPEAL.—The jurisdiction of the judge on appeal is limited and confined to the reasons of appeal; and whatever weight the judge may think is due to the arguments of counsel, he must disregard them if not within the reasons.

INTERFERENCE—APPLICANT AND PATENTEE—QUESTION AT ISSUE.—In an interference between an applicant and a patentee, the only question of importance is whether the applicant is the first inventor; for if he is not, it is immaterial to the case who is.

SM—SM—ADMISSIBLE TESTIMONY IN SUCH CASE.—Testimony taken in such a case, showing that the patentee made the invention before the applicant, is properly receivable in evidence, and is decisive of the cause, though the testimony might at the same time disclose valid objections to the grant of a patent to the patentee if that question were still open for consideration.

SM—SM—TESTIMONY INTRODUCED UNDER A PATENT OF ADDITION (THIRTEENTH

SECTION, 1836).—Testimony taken to show that a certain invention annexed to a patent under the thirteenth section of the law of 1836, as an improvement invented subsequent to the date of the patent, was in fact invented by the patentee before the date of the patent, is receivable in evidence to show that an applicant is not the inventor, whether or not the patentee under the circumstances named could sustain his patent.

FRAUD IN PREMATURE ISSUE OF PATENT NOT CONSIDERED IN AN INTERFERENCE— QUESTION FOR JURY.—The question of fraud involved in the premature issue of a patent to one of two conflicting applicants, without notice to the other, will not be considered by the judge upon appeal in an interference between the patentee and the applicant. It must be tried by a jury in a direct suit brought for that purpose.

(Before MORSELL, J., District of Columbia, March, 1853.)

## STATEMENT OF THE CASE.

Interference between an application and a patent of addition granted under the provisions of the act of 1836. Section thirteen of that act provided *inter alia* that whenever the original patentee shall be desirous of adding the description and specification of any new improvement of the original invention or discovery which he shall have invented or discovered subsequently to the date of his patent, he may upon like proceedings, as in the case of original applications, have the same annexed to the original description and specification, the addition to have the same effect as though embraced in the original specification. In taking his testimony, the patentee attempted to show that the improvement annexed to his patent, which was the subject-matter in controversy, was in fact invented by him before the date of the original patent and before the original application was filed. It was contended by the applicant that this was not competent evidence to support the patent, and should not, therefore, defeat the application of a *bona-fide* inventor. The question thus raised as to the legality of such a patent was not, however, decided.

MORSELL, J.

On the day appointed for the hearing of this appeal, of which due notice had been given, the parties appeared by their respective counsel, and an examiner from the Patent Office was present with the models and all the papers and evidence in the case, as required by law, and with the Commissioner's decision adverse to

the claim of said appellant, the reasons of appeal, and the Commissioner's report. The parties, by their said counsel, were allowed to file written arguments.

A more particular statement of the case is, that on the 19th of August, 1851, an application was made by the appellant for a patent for a new and improved atmospheric churn, for the churning of butter from cream. In his specification he says : "What I claim as my invention, and desire to have letters-patent for, is the mode of introducing the air through holes bored lengthwise through the partition, with the perforations or scalloping at the bottom, all in the same partition, substantially as described and represented."

On the 27th of August, 1851, an interference was declared between that application and a patent which had been granted to said O'Neil, the appellee, of which due notice was given. Leave was given to the parties to take evidence, and the first Monday in November, 1851, appointed for the trial. That trial was accordingly had ; and on the 4th November, 1851, the Commissioner's decision was given. The ground of the decision was stated substantially as follows : On the said trial or hearing it appeared from the testimony on the part of the said John O'Neil that he (the said O'Neil) did, in the early part of May, 1850, suggest boring holes vertically through the partition of the churn described in the patent of the said O'Neil dated the 30th of July, 1850, as a substitute for the tin tubes described in said patent, and it did not appear from any evidence adduced on the part of said Burlew that he had known or used the said device earlier than the month of July, 1850; therefore he (the Commissioner) declared that, according to the testimony then before the Office, the said John O'Neil was the first inventor of the said device of the holes bored in the partition of the said churn as aforesaid.

The first reason of appeal was as follows . "That said O'Neil is not entitled to said invention as an additional improvement to his original letters-patent dated July 30th, 1850, because from the testimony on his part it appears that he was the inventor of it in the early part of May, 1850, which time is not only before or anterior to the date of his said original patent to which it is claimed as an additional or subsequent improvement, but it is even before the filing of the application for the same in the Patent

Office.'' The Commissioner in his report states as the reason for his decision upon this point that the only question really before the Office was the right of Burlew to receive a patent for the improvement claimed. The patent of O'Neil had already gone out with the improvement added, and had passed the jurisdiction of the Office. No decision of the Office could affect the rights of the patentee under it. Furthermore, it appeared to the Office on the day of hearing by this very evidence that the thing claimed was known and used by O'Neil prior to its invention by the applicant, and that the said Burlew was not the first inventor.

The further argument on the part of the appellant is that this testimony respecting the invention of O'Neil is incompetent and inadmissible, in view of the fact before referred to, that he took out a patent for the same as an additional improvement upon his patent granted July 30th, 1850. In assuming in the first reason that the testimony on the part of O'Neil purports to show that he was the inventor of the improvement prior to the date of his original patent, it is said that it was not intended to admit the competency of the testimony, or that it was evidence that he was really the inventor at that time, but it was merely admitted for the sake of argument, to show the inconsistency of the testimony adduced by O'Neil to prove himself the inventor of the improvement at a time anterior to the date of his original patent. The invention was added to this patent upon a representation upon his part, in compliance with the conditions of the law, that the improvement was a subsequent thought.

The subsequent part of the argument is upon the credibility of the witnesses, the weight and effect of the testimony, and the action of the Commissioner in issuing the patent to O'Neil three days after Burlew's application was filed; whereas, under the provisions of the law, the application of Burlew ought to have been considered and examined with reference to O'Neil's, and an interference then declared. To this course of argument the appellee's counsel objects, as not being within the reasons of appeal and therefore not within my jurisdiction. That jurisdiction is certainly limited and confined to the reasons of appeal; and whatever weight the judge may think is due to the argument, he must disregard it, if not brought within these reasons. The provision of the act of Congress of 1839, section 11, is: ''The

Commissioner shall also lay before the said judge all the original papers and evidence in the case, together with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal to which the revision shall be confined."

What, then, are the reasons stated? It is conceded in the first reason of appeal that from the testimony submitted in behalf of O'Neil it appears that he was the inventor of the improvement in the early part of May, 1850, several months before the date of Burlew's claim; but the appellant subsequently denies the admissibility and competency of this testimony, upon the ground that it relates to an invention before or anterior to the date of said O'Neil's original patent.

The provisions of the act of 1836, sections 7 and 8, on the subject are that whenever on such examination (which the Commissioner is required previously to the granting of a patent to make) it shall appear to the Commissioner that the applicant was not the original or first inventor or discoverer, or that any part of that which is claimed as new had before been invented or discovered or patented or described in any printed publication in this or any foreign country as aforesaid, or that the description is defective and insufficient, he shall notify, &c. The residue of that and the eighth section point out the mode of trial.

In the case of Warner v. Goodyear (ante, p. 60) the judge says: "The only material point involved by the reasons of appeal, and to which my revision must be limited, is whether Solomon C. Warner, the appellant, was the first inventor of that combination, which is the same combination for which Charles Goodyear obtained a patent on the 9th of March, 1844, upon a specification dated July 24th, 1843, more than fifteen months before the application of Solomon C. Warner; for if he was not the first inventor, it is immaterial to this cause who was."

This rule of law I think is conclusive of the question in this case; for however available this objection might have been as to O'Neil's obtaining a patent, it cannot help the case of Burlew, as, notwithstanding, he must appear to be the original and first inventor. As to the question of fraud, this must be tried by a jury.

I am therefore of opinion, and do so decide, that the Commis-

sioner was right in rejecting the application of William H. Burlew for a patent in this case.

*George R. West*, for Burlew.

*P. H. Watson*, for O'Neil.