**In re TUCKER et al.**
**Patent Appeal No. 2552.**

Court of Customs and Patent Appeals. '
Jan. 4, 1932.

For former opinion, see 46 F.(2d) 214.

V. M. Dorsey, of Washington, D. C. (Melville Church and Sidney F. Parham, both of Washington, D. C., and Lloyd G. Bates, of Hartford, Conn., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

George A. Prevost, of Washington, D. C., amicus curiæ.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

On January 21, 1931, this court, in Re Oliver M. Tucker and William A. Reeves, 46 F.(2d) 214, 18 C. C. P. A. 875, affirmed the action of the Board of Appeals of the United States Patent Office in its rejection of appellants' claims 1, 12, 45, and 46, which were intended to cover shear structure for glass machinery. Claim 12 is illustrative, we think, and reads: "12. A shear structure comprising a pair of shears movable into overlapping relation, and means for simultaneously adjusting the shears to vary their degree of overlap while in operation."

Appellants' claims in the tribunals below had been rejected upon the patent to Miller, 1,130,919. This court concluded that Miller did not anticipate the structure disclosed in the appellants' application, but held that the claims were so broad as to amount to claiming only a function, and that the claims should have been rejected for that reason, and the decision of the Board, affirming the rejection by the examiner, was affirmed.

Appellants' petition for a rehearing was granted, and an elaborate brief was filed by appellants, and by George A. Prevost, amicus curiæ, for himself and also representing the American Patent Law Association. Some additional citation of authorities was also presented by the solicitor for the Patent Office. The case was fully argued at the rehearing, which argument was confined chiefly to two propositions of law: First. Are the claims invalid and unpatentable? Second. Was it proper for this court to affirm the action of the Board of Appeals and the examiner in rejecting the claims on grounds other than the grounds of rejection set out and relied upon by the lower tribunals?

We find it unnecessary to pass upon the first proposition, in view of our conclusion on the second one. Section 4914, Rev. St. (35 USCA § 62), which is the basis for this court's jurisdiction in appeals of this character, reads as follows: "Sec. 4914. The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, on the evidence produced before the commissioner, at such early and convenient time as the court may appoint; and the revision shall be confined to the points set forth in the reasons of appeal. After hearing the case the court shall return to the commissioner a certificate of its proceedings and decision, which shall be entered of record in the Patent Office, and shall govern the further proceedings in the case. * * * * "

The reasons for appeal assigned by appellant are five in number, and, while they all differ in the language used, the error complained of in each is confined to the fact that the Board of Appeals regarded the Miller patent as being a proper reference upon which to base the rejection of the claims.

It has been suggested that the appeal was from the decision of the Board and not from the reasons which prompted the decision, and that the principle laid down in the following federal equity cases is applicable here, and that we should affirm the rejection of the claims by the Board of Appeals if we believed that the rejection was proper, irrespective of the Board's reasons for rejection. Blythe Co. v. Hinckley et al. (C. C. A.) 111 F. 827; Dean v. Davis et al. (C. C. A.) 212 F. 88; Evans v. Suess Ornamental Glass Co. (C. C. A.) 83 F. 706; Smart v. Wright (C. C. A.) 227 F. 84.

Much could be said on this question in support of this position, but we, after much consideration, are constrained to hold that our position is not the same as the position of the reviewing courts in the cases cited

above. For nearly a century Congress has so legislated as to provide an appellate review by a court of matters arising in the Patent Office, which review is in addition to and unassociated with the review which is also exercised by the equity courts. The powers conferred upon this court differ in many respects from those exercised by the appellate tribunals of the Patent Office, and it seems clear that our powers in revising the decisions of such tribunals must necessarily also differ from the powers which the equity courts possess.

We have concluded that, by the quoted provision of section 4914, Congress meant only to confer upon this court a limited judicial review for the purpose of revising the decision appealed from, and for the correction of such errors only as are made by the patent tribunals appealed from, and which are definitely pointed out and complained of in the reasons of appeal. We feel therefore constrained to hold that even if the Board's rejection of the claims involved is regarded as proper, when reasons other than those assigned by it are considered, we would not be justified in affirming such action on such grounds.

The suggestion that the limit of this court's reviewing powers in appeals in trademark cases from the Commissioner of Patents is the same as that which pertains to appeals involving patent issues has been very carefully considered by us. While in the strictest sense this question is not before us, we think it proper to say that we do not believe our powers and duties in trade-mark appeals are confined or restricted to the same limits as they are in patent appeals.

Our conclusion in this respect is confirmed by a consideration of section 9 of the Trademark Act of February 20, 1905, as amended, which broadly conferred the right of appeal in trade-mark cases to the Court of Appeals of the District of Columbia (the name of this court being subsequently substituted by appropriate legislation) without using the same or similar restrictive language found in section 4914, supra.

Section 9 of the Trade-mark Act of February 20, 1905 (15 USCA § 89), reads in part as follows: "That if an applicant for registration of a trade-mark * * * is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the court of appeals of the District of Columbia, on complying with the conditions required in case of an appeal from the decision of the commissioner by an applicant for patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable."

It may be suggested that this view of the limit of our revising power in patent cases may result in the Patent Office allowing claims which are obviously invalid, inasmuch as the Patent Office tribunals appealed from may regard our reversal as tantamount to a mandate for the issuance of the patent with the invalid claim contained therein. We cannot believe that this necessarily will be the result of such a holding, and in this we are supported by a line of authorities which we think presents almost the identical question with which we are here confronted.

In 1841, the Circuit Court for the District of Columbia, which then exercised substantially the same appellate patent jurisdiction that this court now has, in Arnold v. Bishop et al., 1 Fed. Cas. 1168, No. 553, decided this identical question with such plausible and sound reasoning as to be unusually apt and persuasive in the case at bar. The words of the Act of March 3, 1839, § 11, 5 Stat. at Large, 354, which conferred the jurisdiction upon the judge of the Circuit Court for the District of Columbia, are substantially the same as those of the statute under which we are proceeding, and the pertinent parts thereof read as follows: " * * * And it shall be the duty of said chief justice, on petition, to hear and determine all such appeals, and to revise such decisions in a summary way, on the evidence produced before the Commissioner, at such early and convenient time as he may appoint, first notifying the Commissioner of the time and place of hearing, whose duty it shall be to give notice thereof to all parties who appear to be interested therein, in such manner as said judge shall prescribe. The Commissioner shall also lay before the said judge all the original papers and evidence in the case, together with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal, to which the revision shall be confined. * * * [The judge's] decision, so certified, shall govern the further proceedings of the commissioner in such case. * * * "

Chief Judge Cranch in Arnold v. Bishop, supra, was considering an appeal from the Commissioner who had rejected the applicant's application for a patent. The question raised by the reasons of appeal related to the Commissioner's refusing to grant the patent for the reason that the applicant was not the sole inventor. When the case was

first heard, the court did not agree with the reasons of rejection of the Commissioner, but concluded that his rejection was proper, inasmuch as the machine had been in use for more than two years before applicant's application for a patent. The court, upon reargument of the case, held that it could not decide upon any other matter than that which arose from the reasons of appeal, and said:

"In my former opinion in this case I stated as one of the grounds for affirming the decision of the commissioner of patents rejecting the claim of Mr. Arnold, that he had lost his right, if he had any, by suffering the machine to be in use for more than two years before his application for a patent. I should have said 'public use,' which are the words of the statute. But, upon reflection, I doubt whether I can decide upon any other matter than that which arises upon the reasons of appeal. The words of the act of 1839, § 11, which confer the jurisdiction upon the judge, after allowing the applicant a right to appeal by giving notice thereof to the commissioner, filing his reasons of appeal, and paying into the office twenty-five dollars to the credit of the patent fund, are: [here the statute is quoted] i. e., the revision by the judge shall be confined to the points involved in the reasons of appeal; he is to hear and determine such appeals; but he is to revise the decision of the commissioner only in respect to the points involved in the reasons of appeal. If the commissioner did not err in those points, his decision upon those points must be affirmed, although the judge should be of opinion upon the evidence and the merits of the whole case that the patent ought to have been granted. So, if the judge should reverse the decision of the commissioner upon those points, it would seem that the patent must issue, although the judge should be of opinion that, upon the whole case, as it appears in evidence before him, the patent ought not to issue. I say that this would seem to be the effect of such a decision, because the effect of such a decision upon the further proceedings of the commissioner would depend upon the question whether the reasons of appeal thus affirmed by the judge involved the merits of the case. If they did not, the commissioner might well say it is true that I erred in those points, but my objections to the issuing of the patent still exist untouched by the decision of the judge.

"The words of the act are, that the judge's decision 'shall govern the further proceedings of the commissioner in such case.' This must apply only to so much of the case as is involved in the reasons of appeal; and the appeal itself can be considered only as an appeal to so much of the decision of the commissioner as is affected by such reasons. If, therefore, after the judge shall have decided in favor of the applicant upon the points involved in his reasons of appeal, other sufficient reasons remain for refusing the claim for a patent, untouched by the decision of the judge, it would seem that the commissioner might properly still reject it. Whether such new rejection would be subject to appeal, is a question which may be left, as well as the effect of the judgment of the judge in regard to the subsequent proceedings of the commissioner, to future decisions, as cases may arise, requiring a decision upon these points. For these reasons I doubt very much whether it was competent for me to decide in this case that Mr. Arnold had lost his right to a patent by suffering the machine to be in public use for more than two years before his application for a patent. So much, therefore, of my former opinion in this case may be considered as extra-judicial and as withdrawn."

The foregoing decision was followed, in so far as it was applicable, by the two following cases: In re Aiken, 1 Fed. Cas. 226, No. 107, and Burlew v. O'Neil, 4 Fed. Cas. 751, No. 2167. No decision by the Court of Appeals of the District of Columbia or by this court, which we regard as directly in point on the issue at bar, has been cited to, or found by, this court.

We therefore hold that the Board of Appeals erred in rejecting the claims involved on the Miller patent. Our reasons for such holding were set out in the original opinion. Its decision rejecting such claims on Miller must be reversed.

That portion of this court's decision in Re Vincent J. Burnelli, 38 F.(2d) 891, 17 C. C. P. A. 918, which is contrary to the views herein expressed, as well as any other decision or part of a decision of this court which is inconsistent herewith, are hereby overruled.

So much of our former opinion in this case as had reference to the nonpatentability of the claims may be considered as extrajudicial, and is withdrawn.

By the reversal of the Board of Appeals we do not mean to suggest the patentability or nonpatentability of the claims, and hold

only that they are patentable as far as the Miller reference is concerned.

Reversed.

GRAHAM, Presiding Judge, and GARRETT, Associate Judge, concur.

HATFIELD and LENROOT, Associate Judges, concur in the conclusion.