FIRST SECURITY TRUST COMPANY, trustee, *vs.* BENJAMIN A. MITCHELL & another.

Suffolk.    February 4, 1936. — May 27, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Contract,* Construction, With respect to inventions.

Upon consideration of an entire instrument in writing in which a party granted a one-third interest in "all other inventions . . . which he may invent," it was *held* that the grant did not include an interest in a joint invention of the grantor and a third person, upon which a patent was issued to them jointly.

BILL IN EQUITY, filed in the Superior Court on December 20, 1934, and afterwards amended.

The suit was heard by *Sisk*, J., by whose order a final decree dismissing the bill was entered. The plaintiff appealed.

*J. C. Jones, Jr.*, (*J. D. Assaf* with him,) for the plaintiff.

*N. B. Vanderhoof*, for the defendants.

QUA, J.   This suit is brought by a trustee for the benefit of Virginia Mitchell, a minor adopted daughter of the defendant Benjamin A. Mitchell and of his former wife Minnie I. Mitchell. Its principal object is to obtain for the minor one third of the defendant Mitchell's share in the past and future royalties derived from a certain patent which is owned jointly by the defendant Mitchell and by one Kyle.

In 1921 Mr. and Mrs. Mitchell were divorced. Under date of April 1, 1922, they entered into an agreement in writing with each other. By the first paragraph of this agreement Benjamin A. Mitchell granted to Minnie I. Mitchell a one-third undivided interest in all future patents and inventions involving the principles of "the Vibrator," so called, more particularly described as "all future inventions of B. A. Mitchell involving any and all of the principles herein set forth." The second paragraph, under which the plaintiff's claim arises, reads as follows: "2. The said B. A. Mitchell does give and grant for the considerations herein named to the said Minnie I. Mitchell a one-third ($\frac{1}{3}$) undivided interest in and to all other inventions not herein named and described which he may invent, to be owned by her and to revert to Virginia Mitchell, a girl five years of age, the daughter of B. A. Mitchell and Minnie I. Mitchell when the said Minnie I. Mitchell shall remarry or shall die; in the case of her remarriage she shall transfer in trust to a Trust Company the one-third ($\frac{1}{3}$) undivided interest in and to all inventions named in this paragraph not involving the principles of said Vibrator for the use and benefit of Virginia Mitchell, their minor child, the income of which shall be payable to her for her maintenance and support so long as she lives and in the event of the death of Minnie I. Mitchell the interest herein conveyed to her of all patents not involving the principles of said Vibrator

shall revert to Virginia Mitchell, the child of the parties herein named and shall be distributed to a Trust Company in trust for said minor child, the income of which shall be used for her support and maintenance during her natural life." Reference will be made later to other portions of the agreement. Minnie I. Mitchell has remarried and has given to the plaintiff the transfer in trust for the benefit of Virginia Mitchell which by paragraph 2 of the agreement she was required to give in the event of her remarriage. In 1927 the patent in question was granted jointly to Benjamin A. Mitchell and to Kyle. It is for a "belt conveyer." It does not involve the principles of "the Vibrator."

The issue principally argued to us is whether the share of Benjamin A. Mitchell in the Mitchell-Kyle patent is within the scope of paragraph 2 of the agreement. More specifically the question may be stated to be whether the invention on which that patent is predicated comes within the description "all other inventions . . . which he may invent." In other words, did Benjamin A. Mitchell, within the meaning of the agreement, "invent" the belt conveyer?

The trial judge found that the belt conveyer was the joint invention of Mitchell and Kyle. They started to work on it in October, 1922. Kyle worked with Mitchell. The belt conveyer was made in part of rubber. Kyle was a sales engineer in the rubber business. He was familiar with the manufacture of rubber products from the factory end and with the construction and installation of belt conveyers. Mitchell and Kyle filed their application as joint inventors. The judge ruled that the words of the agreement hereinbefore quoted did not include the joint invention of Mitchell and Kyle.

We think that under the circumstances disclosed the ruling was right. As a matter of the strictly accurate use of language there is force in the statement of Cranch, C.J., in *Arnold* v. *Bishop*, 1 MacArthur Pat. Cas. 36, 1 Fed. Cas. 1168, that a joint inventor "cannot with propriety be called the inventor." Thus application for a patent must be made by the inventor, U. S. Rev. Sts. § 4888, U. S. C.

(1934 ed.) Title 35, § 33, and it is held that one of several joint inventors cannot take out a valid patent. *Smart* v. *Wright,* 227 Fed. 84, 87. *Wailes Dove-Hermiston Corp.* v. *Oklahoma Contracting Co.* 48 Fed. (2d) 901, 902. Where a new device has been discovered or created by the joint efforts of several persons, each contributing his own peculiar inventive faculty to the common result, to say of any one of them that he has invented it seems a somewhat strained and unusual use of language. We recognize, however, that the point is a very narrow one, that the object is to get at the true intent of the parties to this agreement and that precise correctness of phraseology is scarcely to be expected. We would concede that even slight indications of intent might well determine the result. It is not necessary to decide what conclusion we should reach in this particular instance, if the words hereinbefore quoted stood alone, for there is other language in this agreement which points toward the stricter construction. Thus paragraph 3 reads: "The said B. A. Mitchell shall own a two-thirds ($\frac{2}{3}$) undivided interest and Minnie I. Mitchell a one-third ($\frac{1}{3}$) undivided interest in all future inventions in the United States of America or in any and all foreign countries involving the principles named in paragraphs one (1) and two (2) herein." The last clause of paragraph 5 reads "that application for patent upon each and all of said inventions and the improvements thereon shall be made in the name of B. A. Mitchell and Minnie I. Mitchell as their interest herein appears." Paragraph 6 provides: "Neither party to sell or assign their interest herein without the consent of the other party, in writing." The first two of these provisions would seem practically impossible to carry into effect and the last provision would seem of little or no value, if it was intended to apply them to inventions made jointly by Benjamin A. Mitchell and others. The force of this argument is not weakened if under patent law Mrs. Mitchell would not in any event have been a proper party to sign an application unless she was herself an inventor. *Welsbach Light Co.* v. *Cosmopolitan Incandescent Gaslight Co.* 100 Fed. 648. Nowhere in the agree-

ment is there any express mention of inventions or patents of which Benjamin A. Mitchell is not to be the sole inventor. Throughout the instrument, although the word "all" is freely used, the important descriptive words are "inventions of B. A. Mitchell," "which he may invent," "inventions which he may hereafter make," "inventions made by him," "inventions of which B. A. Mitchell is the inventor," "inventions created by him." In construing the agreement it should also be remembered that every part owner of a patent has a right to manufacture under it, to make assignments of part interests and, by the weight of authority, to grant licenses to others without accountability to his coöwners for the profits. *Vose* v. *Singer*, 4 Allen, 226. *Copeland* v. *Eaton*, 209 Mass. 139, 144. *Blackledge* v. *Weir & Craig Mfg. Co.* 108 Fed. 71. Therefore a patent in which third persons should have an interest might well be of little value to Mrs. Mitchell or to the trustee for a minor child. The case is distinguishable from *West Disinfecting Co.* v. *United States Paper Mills, Inc.* 44 Fed. (2d) 790, cited by the plaintiff. In that case the principal granting clause of the contract was in the broadest terms and could not be cut down by the reference in another clause to "improvements he may invent."

It is possible of course that the parties in making the agreement did not have in mind at all joint inventions, but this possibility is not an argument in favor of construing the agreement so as to include them. Nor do we see how the fact that Benjamin A. Mitchell was under a legal obligation to support his minor child enables us to say that he intended to include joint inventions in this agreement. No question arises of evasion or of subterfuge on the part of Mitchell. The findings show that Kyle was in truth and in fact a joint inventor with Mitchell.

What has been said is decisive of all issues which have been argued. We need not pass upon other possible questions.

*Decree affirmed with costs.*