LeNroot, Judge,
delivered the opinion óf the court:
This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a, decision of the examiner rejecting claims Nos. 13, and 22 to 46, inclusive, of appellant’s application.
Before .us appellant moved to dismiss the appeal with respect to claims 13, 22, 23, 24, and 42, which motion will be granted. Of the claims remaining for consideration, claims 25, 40, 43, and 46 are illustrative and read as follows:
25. A sound reproducer having a conical diaphragm, a magnetic driving means for said diaphragm, and means for supporting said diaphragm, said *880 supporting means including a flexible support baring a plurality of members,, said members being non-radial with respect to the axis of said diaphragm, and inclined in a common direction with respect to their corresponding radii.
40. In a loudspeaker of the electro-magnetic type, the combination of a coil adapted to move in a magnetic field, and a support for said coil having spirally disposed flexible portions extending from said coil to a fixed location, said flexible portions being of a length greater than the radial distance between said coil and said fixed location.
43. A sound reproducer having a conical diaphragm, a magnetic driving means for said diaphragm, and means for supporting said diaphragm, said supporting, means including a flexible support having a plurality of members, said members being formed by openings non-radial with respect to the axis of said diaphragm, and inclined in a common direction with respect to their corresponding radii.
46. In a loudspeaker of the electro-magnetic type, an element adapted for reciprocal movement, and yielding supporting means for said element comprising a plurality of flat strips of flexible material separated by spirally disposed openings, said flat strips of flexible material extending from points, at which they are secured for movement with said element to a support and being disposed in a plane substantially at right angles to the direction of movement of the element.
But one reference was cited, Kellogg, 1,707,617, issued April 2, 1929. This patent relates to a loudspeaker and, among other things, discloses a spider “provided' with a plurality of resilient arms” extending in directions substantially parallel to the axis of what is termed in the patent the “pole piece.” Said arms are all connected by radially extending links with the top of the diaphragm. These links are described as “spokes” by the examiner in his statement.
The claims before us are 25 to 41, inclusive, and 43 to 46, inclusive; the grounds of rejection of these claims will be hereinafter stated.
Appellant’s application relates to acoustic devices for use in the reproduction of voice, music, or other signals, and discloses a sound reproducer having a conical diaphragm with a magnetic means for-driving said diaphragm. A support for the diaphragm is shown, including a flexible disk with spirally cut holes therein. It is this disk that is here in controversy.
Claims 25 to 41, inclusive, were copied from a patent to one Met-calf, No. 1,881,324, issued October 4, 1932, upon an application filed October 26, 1927. Appellant’s application was filed March 21, 1928, but was stated to be a division of a co-pending application filed by appellant and one John P. Minton on July 20,1925.
On March 10,1933, an interference was declared between appellant’s application here involved and Metcalf’s patent, three counts forming the issue, said counts consisting of claims 25, 26, and 27 of appellant’s application, copied from claims 7,11, and 13 of Metcalf’s patent.
Appellant was given the date of his parent application for conception and reduction to practice of the invention embodied in said *881 three counts, and hence became the senior party in the interference.
The decision of the Examiner of Interferences states that, in response to an order to show cause, Metcalf moved to dissolve the interference on the ground that appellant was not entitled to make the counts in issue, and appellant sought to amend the issue by the addition of proposed counts 4 to 17, inclusive, all of said proposed counts being claims copied from Metcalf’s patent. It appears from the decision of the examiner in the instant proceedings that proposed counts 4 to 17, inclusive, were claims 29 to 42, inclusive, of appellant’s application here involved. Metcalf opposed' said motion to amend upon the ground that Kingel’s disclosure did not support the proposed counts.
The Examiner of Interferences granted Metcalf’s motion to dissolve, and denied Ringel’s motion to add the new counts to the issue.
Upon appeal the Board of Appeals affirmed the decision of the Examiner of Interferences and the interference was dissolved. Appellant thereupon prosecuted the said claim ex parte.
Said claims 25 to 41, inclusive, were rejected by the examiner upon the ground that appellant is not entitled by his disclosure to make them. Claims 43 to 46, inclusive, were filed after the termination of said interference with Metcalf. The examiner rejected them upon the ground that appellant should have presented them during said interference, and, having failed to do so, is now estopped from presenting any claims reading upon the Metcalf disclosure, and that said claims do read upon such disclosure. These claims were also rejected upon the ground that they are not supported by appellant’s disclosure, and as failing to define invention over the prior art.
Upon appeal the Board of Appeals affirmed the decision of the examiner upon all points except as to the rejection of claims 43 to 46, inclusive, by the examiner on the ground of estoppel. With respect to this ground of rejection the board stated: ' .
Appellant has also submitted four claims (43 to 46 inclusive), which were not before us in the inter partes appeal and these claims specify in effect that the openings are spirally or non-radially disposed instead of calling for the spiral arrangement of the connecting portions of the disk. However, appellant is obviously attempting to cover the same -structure in slightly different phraseology and we consider that for the same reason that he is not entitled to the claims which were considered by us during interference, he is not entitled to these new claims. We do not feel justified, however, in affirming the examiner in holding that appellant is necessarily estopped to make these claims, inasmuch as he was in interference with a patent and these are not claims of that patent.
It will be observed from the above quotation that the Board of Appeals found that said claims 43 to 46, inclusive, were not supported by appellant’s disclosure, but declined to affirm their rejection by the examiner upon the ground of estoppel.
*882 While the Solicitor for the Patent Office contends that the refusal of the board to affirm the rejection of the claims upon the ground of estoppel was not equivalent to a reversal of such action, we are of the opinion that it should be so construed, and under the doctrine announced in the case of In re Tucker & Reeves, 19 C. C. P. A. (Patents) 810, 54 F. (2d) 815, the question of estoppel is not before us. However, nothing herein contained should be construed as approval of the reasons given by the Board of Appeals for refusing to affirm the rejection of said claims by the examiner upon the ground of estoppel.
In view of the foregoing, the only remaining question before us is whether the involved claims are supported by appellant’s disclosure, and, as to certain of them hereinafter discussed, whether they were properly rejected upon the Kellogg reference.
Claims 25 to 29, inclusive, 30 to 33, inclusive, and claim 35 contain the element of a flexible support having a plurality of members non-radial with respect to the axis of the diaphragm. It was the view of the Patent Office tribunals that appellant’s application does not disclose this element.
As hereinbefore stated, all of said claims were copied from the patent to Metcalf. This patent discloses a disk having spiral openings therein creating flexible members so arranged that, as the disk is flexed, a certain amount of rotary movement occurs. These spiral openings are so created as to leave portions of the disk between its outer edge and center, of such shape that none of them are radial; that is to say, at no point could a radial line be drawn from the center of the disk to the outer edge thereof without crossing a spiral opening. Substantial portions of both the center and outer areas of the disk are left intact, the spiral openings and flexible arms occupying the space between. These arms are described in Metcalf’s disclosure as nónradial, and we think that the claims require that no substantial portion of the arms shall be radial — that is, radially extending from the center to the circumference of the disk, for, as stated in the patent, it is the non-radial character of the arms which assures their flexibility.
We find nothing in appellant’s application requiring that the arms of the disk, if such there be, shall be non-radial, and the only reference to that portion of the disk in the written specification is the following:
* * * Numeral 23 denotes a flexible disc with spirally cut holes to give it added resilience and is fastened at its center by means of screw or rivet 24 to the middle pole or magnet 25 and helps to center the vibrating system.
Figure 1 of the drawings of appellant discloses a small disk with spiral openings therein. In the interference between appellant and Metcalf it was held that the spiral openings in appellant’s draw *883 ings did not make the intervening portions of the disk nonradial in character. As hereinbefore indicated, there is nothing in the written description of appellant with respect to the size of the openings, other than their purpose to give added resiliency to the disk.
In appellant’s brief we find the following:
Apparently, the proportions shown in the drawing are merely the result of a draftsman’s selection rather than the embodiment of an intention to represent the device to scale. Generally, for the purposes of prosecution before the Patent Office, it is not necessary for the drawings to be drawn to scale, and unless they are specifically stated to be so, or unless by their nature they could not be otherwise, they are not taken as so drawn, but are considered merely as representing the general relationship of the various elements therein shown.
We agree with the foregoing statement, and it follows that the spiral openings might be much larger or much smaller than those shown in appellant’s drawings, and the so-called arms of the disk might be either radial or non-radial, so far as the specification is concerned.
It is our conclusion, with respect to the group of claims in this branch of the case, that appellant’s application does not disclose a disk having non-radial members, either within the common meaning of that term, or within the meaning of the term as used by Metcalf in his patent, from which the claims were copied.
We will next consider claims 34, 36, 37, 39, and 41. None of these claims contains the limitation of non-radial members, but each provides, in one form or another, that during the axial movement the disk arms are subjected to a “twisting strain” permitting a rotary movement of the disk.
It was the view of the Patent Office tribunals that the radial portions of the disk disclosed by appellant would prevent rotary movement thereof. There is found in the record an affidavit by one Harry F. Olson. In its decision the Board of Appeals discussed this affidavit as follows:
Appellant has filed an affidavit as to a test which was made on the disk which he regards as having the structure shown in his application. The affidavit states that some rotary movement occurred when the disk was flexed. No comparison is referred to in the affidavit between the amount of rotary movement resulting from the flexing of a disk similar to that shown by Metcalf and that shown by appellant. Even if the disk employed in the test can be accepted as substantially the same as that disclosed by appellant, we have no proof that such rotary movement as occurred would be sufficient to cause any substantial improvement, over a disk having curved openings but with both ends of the openings at equal distances from the center of the disk. We still are of the opinion, therefore, that the short spiral openings disclosed by appellant are not of such a nature as to permit material rotary movement and that appellant should not be allowed claims which would dominate the Metcalf patent, as to a structure having this characteristic.
*884 We are in agreement with the quoted statement oí the board. Upon oral argument the testing device described in the affidavit was exhibited to the court by appellant’s counsel, with the consent of the Solicitor for the Patent Office, and we are satisfied that any rotary movement of a disk such as disclosed by appellant would be negligible. It is significant, too, as observed by the board, that said affidavit refers to no comparison between the amount of rotary movement resulting from the flexing of a disk such as is disclosed by Metcalf, and that shown by appellant. We are satisfied that the Metcalf disk is so constructed as to permit of a substantial rotary movement, while that of appellant’s disk is negligible, and, considering the object of a substantial rotary movement, the difference between the two disks is more than one of degree. While the rotary movement of the Met-calf disk is itself slight, ordinarily speaking, it is substantial for the purpose sought to be accomplished.
We are of the opinion that this group of claims, Nos. 34, 36, 37, 39, and 41, were properly rejected for the reasons stated by the Board of Appeals.
We next consider claims 43 and 44. These claims, instead of describing the members or arms of the disk as non-radial, as do the claims of the first group herein discussed, describe said members or arms as being formed by openings non-radial with respect to the axis of the diaphragm.
We are in agreement with the board that in these claims appellant is obviously attempting to cover, in slightly different phraseology, the same structure as is set forth in the claims hereinbefore discussed. It is the members or arms of the disk formed by the openings in the disk that is material, and the openings themselves have no purpose other than to describe such members. It was evidently the view of the Board of Appeals that these claims should be construed as calling for structure resulting in non-radial arms, and certainly, if the claims be so regarded, their rejection is warranted for the reasons advanced with regard to claims which specifically claim non-radial arms. However, as a matter of fact, a claim calling for merely non-radial openings does not specifically characterize the resulting arms. Such non-radial openings might be of such size and so positioned as to result in intervening arms that are substantially radial, which is the structure shown in appellant’s drawing; on the other hand, they may be so positioned and of'such size as to actually result in non-radial arms, as in Metcalf. If the claims be construed as calling for non-radial arms, then their rejection is justified as above stated. On the other hand, if they be construed as calling for arms which are substantially radial, the following discussion of the claims contained in the .letter of the examiner is pertinent:
*885 The rejection of claims 43 and 44 as misdescriptive for the same reason as corresponding claims 33 and 38 were rejected is repeated. Since the arms of the applicant’s supporting spider have a substantial radial component they are substantially the equivalent of radial arms. The fact that the openings between the arms may not be radial as specified in claims 42 and 44 is not seen to be material. Applicant is claiming a supporting device of which the arms are a portion and it is the character of these arms which is relevant.
Obviously tbe reference to claim 42 is an error, and should read 43.
So, if the claims be construed as calling for a supporting structure having substantially radial arms, then they were properly rejected, since in such event they are not patentably distinct from Kellogg, for reasons discussed hereinafter in disposing of claims 45 and 46. We interpret the above discussion of the examiner as a like holding as to claims 43 and 44, it being assumed by him that if the disk has radial arms, claims 43 and 44 are unpatentable for the reasons specifically set out in his discussion of claim 46.
There remain for consideration claims 38, 40, 45, and 46. Claims 38 and 40 were grouped by the examiner with claims 24 to 42, and they were not separately discussed by him; neither were they separately discussed by the Board of Appeals. Claims 38 and 40 are distinguished from other claims by the recital therein that the disk has spirally disposed flexible portions extending from the coil'to a fixed location, said flexible portions being of a length greater than the radial, or straight-line, distance between said coil and said fixed location. It is our opinion that neither appellant’s written specification nor his drawings disclose spirally disposed arms of a length greater than the radial distance between the coil and the fixed location. We think from appellant’s drawing the length of the so-called arm would in fact be the radius from the coil to the fixed location, and that in determining its length the concave and convex portions thereof would not be measured. We believe these claims are similar in substance to the claims in the first group, and were properly rejected for lack of disclosure in appellant’s application.
Claims 45 and 46 are broader than any of the claims hereinbefore discussed. With respect to claim 45 the examiner in his statement said:
Claim 45 refers to openings that define flexible portions that are so shaped that their flexibility is increased. Since the flexible portions ’are substantially radial their flexibility is not increased over that of radial arms. No basis for comparison of the flexibility is set out in the claim but probably a radial-armed spider was meant to be the basis of comparison.'
We construe this statement as holding that the claim is unpatentable because there is no. patentable distinction between the flexible portions of the disk described in the claims and a radial-armed disk disclosed in the prior art, which, so far as this case is concerned, is the Kellogg patent, which shows radial arms. While the examiner *886 may have been mistaken as to Ms assumption of the basis of comparison, and the claim should perhaps be construed as requiring simply that the disk would have greater flexibility with spirally disposed openings than it would have without such openings, we think that the spirally disposed openings disclosed by appellant would not necessarily give greater flexibility to the disk than a radial-armed disk disclosed by Kellogg would possess, and we therefore affirm this ground of rejection.
One of the grounds of rejection of claim 46 by the examiner was that it is not patentable over Kellogg. Said examiner in his statement said:
Claim 46 is rejected as not patentably defining oyer Kellogg. It defines the spider arms as “a plurality of fiat strips of flexible material separated by spirally disposed openings.” In view of the interpretation of the Examiner of Interferences as affirmed by the Board of Appeals, these strips are, in fact, substantially radial. Hence, the spokes 14 of Kellogg’s device are their full equivalent. The limitation that the strips are flat is not regarded as a patentable distinction 'over Kellogg’s member 14 since no new result follows from this flattening.
We agree with this ground of rejection, for in our opinion the spokes of Kellogg are the full equivalent of the strips recited in claim 46.
It is true that the Board of Appeals in its decision did not specifically affirm these grounds of rejection of claims 43, 44, 45 and 46 by the examiner. The board’s decision was a general affirmance of all the examiner’s grounds of rejection of all the claims, except as to claims 43 to 46, inclusive, upon the ground of estoppel. Under the rule announced in the case of In re Wagenhorst, 20 C. C. P. A. 991, 64 F. (2d) 78, the ground of the examiner’s rejection of claims 43, 44, 45 and 46 upon the Kellogg patent is before us for consideration, and we hold that said last-mentioned claims were properly rejected as not patentably distinct from the disclosure in the Kellogg patent.
The motion to dismiss the appeal as to claims 13, 22, 23, 24, and 42 is granted. For the reasons stated herein, we find that all of the remaining claims before us were properly rejected, and the decision of the Board of Appeals is affirmed.