27 C.C.P.A.(Patents)

### In re JEFFERY.
### Patent Appeal No. 4344.

Court of Customs and Patent Appeals.

June 24, 1940.

Owen & Owen, of Toledo, Ohio (Scott H. Lilly, of Toledo, Ohio, of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting claims 20 and 21 of appellant's application for a patent for lack of invention over the cited prior art. Claims 22 to 32, inclusive, were also rejected by the examiner, but the Board of Appeals reversed his decision as to these claims and they stand allowed.

All of the claims were also rejected by the examiner as aggregative, but the Board of Appeals refused to affirm this ground of rejection.

The claims before us read as follows:

"20. The method which consists in mixing finely divided different materials substantially uniformly throughout a slip, spraying the slip into separate fine drops, drying the separated drops into rounded, normally non-adherent pellets, pouring the pellets into a cavity, and pressing the pellets together in the cavity into a self-sustaining mass.

"21. The method which consists in spraying into separated drops a liquid comprising material which is solidifiable into a normally non-adherent, non-plastic solid, solidifying said material in the separated drops into dense, self-sustaining, normally non-adherent and non-plastic tiny, rounded pellets, collecting the pellets into a pourable mass of powder, filling the powder into a cavity and thereby giving it a predetermined shape, and causing the pellets to adhere to each other within the cavity."

The references cited are:

Dimitri et al., 1,374,493, April 12, 1921.

Coffin et al., 1,561,971, November 17, 1925.

Benner et al., 1,884,529, October 25, 1932.

Pollak et al., 1,935,411, November 14, 1933.

The examiner in his statement to the Board of Appeals described the subject matter of the alleged invention as follows: "The alleged invention is a process for

molding spark plug cores or other ceramic articles. A slip or suspension is formed by mixing the material to be molded in finely divided form with water and a deflocculating or wetting agent to form a slip or suspension of the material. The resulting slip is then spray dried by spraying same into a chamber through which a heated gas is forced and the separated drops of slip are dried into rounded, non-adherent pellets. These pellets are then poured into a mold and sufficient pressure applied to shape and form the material into a self-sustaining article. In the course of the pressing the individual granules of material are crushed and a homogeneous article formed. The pressing may be carried out in a mold having a rubber body into the cavity of which is placed the material to be molded. Fluid under pressure is then applied to the outside of the mold and the pressure thereby transmitted to the material being molded to press and form same."

Of the references cited appellant has seen fit to include in the certified record before us only the patent to Pollak, although the examiner relied upon other cited references as well.

Appellant's reasons of appeal read as follows:

"1. The Board of Appeals erred in affirming the rejection of the Examiner of claims 20 and 21 of this application on the ground that they were not patentable over the patent to Pollak et al. No. 1,935,411, dated November 14, 1933.

"2. The Board of Appeals erred in not reversing the decision of the Examiner rejecting claims 20 and 21 of this application."

The examiner's statement discloses that he rejected the involved claims 20 and 21 directly upon the patent to Pollak et al., and that he also rejected them, together with claims 22 to 32, inclusive, upon the patent to Benner et al. in view of Coffin et al., and also upon the patent to Dimitri et al. in view of Coffin et al.

The decision of the Board of Appeals is brief and reads as follows:

"This is an appeal from the action of the Primary Examiner finally rejecting claims 20-32 inclusive.

"Claim 22 is representative of the subject matter involved:

" '22. The method which consists in spraying into separated drops a ceramic slip, drying said separated drops into dense, self-sustaining normally non-adherent and non-plastic, tiny, rounded pellets, collecting the pellets into a pourable mass of powder, filling the powder into a mold cavity and pressing the powder within the cavity by hydrostatic pressure to form a self-sustaining body.'

"The references relied upon by the examiner are:

"Dimitri et al., 1,374,493, Apr. 12, 1921,
"Coffin et al., 1,561,971, Nov. 17, 1925,
"Benner et al., 1,884,529, Oct. 25, 1932,
"Pollak et al., 1,935,411, Nov. 14, 1933.

"Appellant spray-dries ceramic slip and fills molds with the tiny, rounded dry pellets thus formed. It appears from the record that this procedure is much superior to filling molds with ceramic powder prepared by crushing or grinding.

"Coffin et al. disclose the preparation of pellets such as claimed by appellant. This patent teaches that the mass of pellets is very fluent. There is no suggestion, however, in this patent of placing these dry pellets in molds and we are not convinced that this was an obvious procedure.

"Claims 20 and 21 have been rejected primarily on the patent to Pollak et al. These patentees teach spray-drying another type of plastic material and placing the powder thus formed in molds. Appellant contends that this type of plastic would probably not form rounded pellets but that the particles of the powder would be in the nature of strings. This appears to be merely a matter of speculation. We do not feel justified in holding that these two claims can be regarded as sufficiently distinguishing over this patent.

"The claims have also been rejected as aggregative. We do not agree with the examiner in this holding. We do not know how else appellant could claim his invention.

"The decision of the examiner is affirmed as to claims 20 and 21. It is reversed as to the remaining claims."

It will be noted that said decision states that the examiner rejected claims 20 and 21 *primarily* on the patent to Pollak et al., and that the decision of the examiner is affirmed as to said claims.

Plainly the decision affirmed included grounds of rejection of said claims 20 and 21 in addition to the rejection upon the patent to Pollak et al.; therefore, there

being no reasons of appeal relating to the other grounds of rejection by the examiner, we might well content ourselves with affirming the decision of the board upon that ground, but we are of the opinion that the rejection upon the patent to Pollak et al. was proper.

As stated by the examiner, the material described in this patent, in the absence of heat and pressure, is non-plastic. The patent discloses the mixing of different specific materials, substantially uniformly throughout the slip. The patent states four modes of carrying out the invention there involved. The fourth mode is stated as follows: "4. A condensation solution is sprayed with spraying appliances against a current of warm air. The fine drops dry very rapidly owing to their great superficial area. The powder which falls out can be pressed at once."

It is appellant's contention that this patent teaches that, before the spraying of the condensation product, it is gelatinized, and that the spraying of such a material would result in elongated or string-like particles rather than rounded or spherical particles, or pellets as called for by the claims.

The board stated that appellant's contention in this respect was a matter of speculation, from which appellant argues that the board speculated that the product disclosed by the patent would be like appellant's product.

We do not so understand the decision of the board, but in any event the patent clearly states that a condensation solution is sprayed with spraying appliances against a current of warm air resulting in "fine drops" which "dry very rapidly." Claim 20 states that the slip is sprayed into "separate fine drops" and claim 21 uses the term "separated drops."

It may be a matter of speculation, as the board stated, whether, instead of the spraying resulting in "fine drops" as stated in the patent, the result might be elongated or string-like particles, and that the statement in the patent was erroneous in that respect. However, no proof was offered by appellant that the statement in the patent is incorrect, and we must here assume that it is correct. It is not clear from the patent that, where the spraying method is used, the condensation mass is first gelatinized; but, assuming that it is, the patent states that it is a condensation solution which is sprayed. Assuming that the condensa-

tion solution is gelatinized, we still must assume, in the absence of any proof to the contrary, that this solution is so thin as to permit its being sprayed into separate drops as called for by the patent.

Appellant calls attention to the fact that the claims before us are narrower than some of the allowed claims. This appears to be true. However, whether the board erred in allowing certain of the claims is not a question to be determined here. We are concerned only with the question of whether the decision of the board should be reversed as to claims 20 and 21.

We conclude that such reversal is not warranted, first for the reason that the reasons of appeal are insufficient to bring before us all of the grounds of rejection of the claims, and second, because in our opinion claims 20 and 21 are unpatentable over the reference Pollak et al., as held by both the Patent Office tribunals.

The decision of the Board of Appeals with respect to the appealed claims is affirmed.

Affirmed.