366

In re SEBALD.

Patent Appeals No. 4851.

Court of Customs and Patent Appeals.

May 22, 1944.

Pennie, Davis, Marvin & Edmonds, of New York City (W. B. Morton, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The opinion in this case was handed down on March 6, 1944, and we are granting a rehearing upon petition of appellant, for the purpose of correcting an error relating to claim 13. There were but two claims involved, claims 3 and 13. Appellant does not insist, in his petition for rehearing, that we should again consider claim 3, but he does strenuously urge that we should give consideration to claim 13. We adopt, as part of our decision here, the following from our former opinion:

"Appellant has here appealed from the decision of the Board of Appeals of the United States Patent Office which affirmed that of the Primary Examiner in rejecting claims 3 and 13 of appellant's application for a patent relating to an 'improvement in high pressure steam generators.'"

Claims 3 and 13 read as follows:

"3. In a water tube boiler heated by a hot fluid circulating medium vertical water tubes, a drum being connected to the tops thereof for collecting the steam therefrom and means for supplying water thereto being connected to the bottoms thereof, independent vertical tubes for circulating the heating medium, said tubes for circulating the heating medium and said water tubes being mutually wholly external, and metal heat conducting means structurally connecting said tubes for circulating the heating medium with said water tubes for the major portion of their respective lengths.

"13. A water tube boiler according to claim 3 in which the means for supplying water to the water tubes comprises a mud drum connected to the bottoms thereof and in which the heating tubes are provided, above and below those portions thereof structurally connected to said water tubes, with readily demountable connections whereby the number of passes made by the heating medium through said structurally connected portion may be varied at will."

The references relied upon are: Lucke, 1,890,185, Dec. 6, 1932; Grady, 1,894,270, Jan. 17, 1933, Turner, 2,000,906, May 14, 1935, Koenemann et al., 2,004,075, June 4, 1935, Price, 2,013,187, Sept. 3, 1935, Price, 2,046,481, July 7, 1936.

Claim 3 was rejected on the Grady or Turner patents as being "directly readable and fully met" by said patents, and it was further rejected on "Koenemann or Lucke in view of the Price patents."

Appellant's reasons of appeal are as follows:

1. The Board of Appeals erred in holding said claims to be devoid of invention over the disclosures of U. S. patent to Koenemann et al., No. 2,004,075 in view of U. S. patents to Price, No. 2,013,187 and Price, No. 2,046,481.

2. The Board of Appeals erred in not allowing said claims.

 It will be noted that reason of appeal No. 1 covers the rejection of claims 3 and 13 upon the reference to Koenemann et al. in view of the two Price patents. The second reason of appeal is too broad to be considered. Appellant has not questioned, by his reasons of appeal, the correctness of the holding of the Board of Appeals that claim 3 reads upon Grady or Turner. Under such circumstances, we are not authorized to consider the correctness of the board's holding in this respect, and the decision appealed from as to claim 3 must be affirmed. In re Lincoln et al., 29 C.C.P.A., Patents, 942, 126 F.2d 477, 53 USPQ 40.

Concerning claim 13 the examiner had the following to say: "Claim 13 has been rejected on Koenemann or Lucke in view of the Price patents for the same reasons as claim 3. All the structure this claim includes *in addition to* that of claim 3 is found in the statement that the lower water tubes are connected to a mud drum, shown in Koenemann at 3 and finding its full and obvious equivalent in header 2 of Lucke, and 'readily demountable connections' to the heating medium tubes whereby a functional statement alleges certain changes in flow of the heating medium are possible. Such 'readily demountable connections', regardless of purpose, are shown in the Price patents and it is not seen that the mere provision in a boiler structure using Price heat exchangers of 'readily demountable connections' for the heating tubes would involve anything in the least unobvious." [Italics quoted.]

The board, in affirming the examiner, said: "The situation as to claim 13 is as stated by the examiner. We agree with the examiner that there is no invention using in Koenemann et al the demountable connections for the heating tubes and the tube arrangement of Price."

In the above-quoted portion of the examiner's statement, it will be observed that claim 13 was rejected on Koenemann or Lucke in view of the Price patents. Thereafter the examiner stated, "for the same reasons as claim 3." We inadvertently concluded that that imported into the case, with respect to claim 13, a rejection on Grady or Turner.

Upon closer consideration, we think the examiner's rejection of claim 13, which was approved by the board, involved only a consideration of the Koenemann and Lucke patents in view of the Price patents, and that Grady and Turner, which were used as one of the grounds for the rejection of claim 3, are not involved in the consideration of claim 13.

 It will be observed that appellant has assigned no reason of appeal involving the effect to be given to Lucke. It seems obvious that this alleged "inadvertence" was occasioned by the fact that the board, although generally affirming the decision of the examiner, made no mention of the patent to Lucke. However, since appellant has not questioned the propriety of the rejection of claim 13 upon Lucke in view of the Price patents, we have no jurisdiction to consider the effect of these references, and the decision appealed from must be affirmed. In other words, if we assume that appellant is right and the board wrong with reference to the Koenemann and Price references, it may be otherwise with reference to the Lucke and Price patents.

 Appellant complains that he is being "penalized" for "his inadvertence". It is not the desire of the court to further limit its powers and jurisdiction in reviewing decisions of the Patent Office tribunals, but our jurisdiction and that of our predecessors for more than a century have depended upon the questions raised by the reasons of appeal. The statute now reads, and for more than a century has in substance read, as follows (R.S. § 4914, 35 U.S.C. § 62, 35 U.S.C.A. § 62): "The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, on the evidence

produced before the commissioner, at such early and convenient time as the court may appoint; *and the revision shall be confined to the points set forth in the reasons of appeal. * * *"* [Italics ours.]

It will be observed that our powers of revision are strictly limited by statute to the points set forth in the reasons of appeal.

The narrowness of the scope of our revising powers in this jurisdiction has long been a matter of great concern to the court and members of our bar. We think it is at once apparent that our reviewing or revising powers are confined to such a narrow scope by the statute, which in this respect has not been changed for many generations, as to greatly handicap us in being helpful in cases like the instant one and other cases to which we shall allude.

In Re Tucker and Reeves, 18 C.C.P.A., Patents, 875, 46 F.2d 214, 8 USPQ 50, we originally held that we had an inherent power equivalent to that exercised by courts in other jurisdictions to affirm a decision appealed from if it was right for any reason. Our holding there that we might affirm a decision of the Patent Office Board of Appeals upon grounds other than those applied by the Patent Office tribunals attracted great interest among members of the patent bar. Rehearing was granted, and the appellants, and another as amicus curiæ, as well as the Solicitor for the Patent Office, appeared and argued the question involved at great length. Upon due consideration, and especially in view of the decision in Arnold v. Bishop et al., 1 Fed. Cas. 1168, No. 553, and other similar later decisions to the same effect, we followed the holding of Chief Judge Cranch, where he had granted a rehearing, considered the same question which we then were considering, and came to the conclusion that his former decision was "extrajudicial" and

that it should be withdrawn. Our holding In Re Tucker and Reeves, 19 C.C.P.A., Patents, 810, 54 F.2d 815, 12 USPQ 131, has become the settled law of this court, and we have seen no disposition on the part of Congress to broaden our jurisdiction in this respect.

In Re Wagenhorst, 20 C.C.P.A., Patents, 991, 64 F.2d 780, 17 USPQ 330, in respects with which we are here particularly concerned, our narrow jurisdiction in cases like that at bar was given most serious consideration. We there held that we had authority to consider a rejection by the examiner where the board had affirmed his rejection in general terms.

In Re Lincoln et al., supra, there was no reason of appeal assigning error against the action of the Patent Office tribunals in rejecting a certain claim upon the ground of estoppel. We stated that the correctness of such a holding was not before us and we affirmed the decision appealed from, citing the case of In re Wagenhorst, supra, to the effect that the general affirmance by the board of the examiner's decision constituted an affirmance of his rejection.

It follows from the foregoing that we may not consider the correctness of that portion of the decision appealed from which affirms the action of the examiner in rejecting claim 13 upon Lucke in view of the Price patents.

The decision of the Board of Appeals is affirmed as to both claims 3 and 13.

Affirmed.

LENROOT, Associate Judge, sat during the argument of this case but resigned before this opinion was prepared, although he participated in the original decision and in the consideration of the petition for rehearing.