32 C.C.P.A.(Patents)

## Application of ARTER.

## Patent Appeal No. 4962.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

A. D. Salinger, of Boston, Mass., and Charles E. Riordon, of Washington, D. C. (John H. McCready and H. L. Kirkpatrick, both of Boston, Mass., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 10 to 18, inclusive) in appellant's application for a patent for an alleged invention relating to improvements in work support adjusting mechanism for machine tools.

Claims 10, 15, and 17 are illustrative of the appealed claims. They read:

"10. In a machine tool, the combination with a work support, a tool for operating on the work, and means for guiding said support for adjusting movement relatively to said tool, of a screw operatively connected with said support for movement therewith but rotatable relatively to said support, a nut into which said screw is threaded, and two irreversible mechanisms connected with said screw and said nut, respectively, for revolving them independently of each other."

"15. In a machine tool, the combination with a work support, a tool for operating on the work, means for guiding said support for adjusting movement relatively to said

tool, of a screw operatively connected with said support for movement therewith but rotatable relatively to said support, a nut into which said screw is threaded, two irreversible worm and gear mechanisms connected, respectively, with said nut and said screw, a manually operable device connected with one of said mechanisms to revolve the worm element thereof, a motor connected with the worm of the other of said mechanisms to revolve it, and means operated by the movement of said support to stop the drive of the latter worm by said motor when a predetermined adjusting movement of the work support has been made."

"17. In a machine tool, the combination with a chuck for supporting the work, a slide supporting said chuck and means for guiding said slide for vertical adjusting movement, of an upright screw operatively connected with said slide to adjust it, a nut into which said screw is threaded, worm gears positioned one above the other and secured to said nut and screw, respectively, for rotation therewith, two worms in driving engagement with said respective worm gears, each of said worm and worm gear combinations constituting an irreversible drive, the upper of said worm gears being mounted on said slide for vertical movement in unison therewith, a hand wheel connected with the worm for operating said upper gear to revolve the worm, a motor connected with the lower of said worms to drive it, and a bearing supporting said nut against the thrust of said screw and the load which is carries."

The references are:

Filstrup, 811,835, February 6, 1906;
Drake, 1,223,155, April 17, 1917;
Rennie, 1,326,423, December 30, 1919;
Lutz, 1,434,131, October 31, 1922;
Rockwell, 1,491,922, April 29, 1924;
Schramm et al., 1,634,386, July 5, 1927;
Huxford et al., 1,866,212, July 5, 1932;
Miller, 1,966,209, July 10, 1934.

Appellant's device comprises in combination a work-supporting table, a grinding wheel arranged directly above the table, and mechanism for raising and lowering the table with relation to the grinding tool. The table is mounted for movement in a vertical direction.

The alleged invention relates particularly to power operating means for adjusting the work-supporting table so that the arti-cle to be worked upon may be brought initially into proper contact with the grinding tool, and manually operable means for intermittently adjusting the table in relation to the grinding tool during the operation of the device.

In describing appellant's device, the Primary Examiner said:

"* * * The mechanism for adjusting the position of the table includes a vertically arranged screw arranged to operate as a post supporting the table. One end of the screw is journaled in a bearing carried by a casting on which the table is mounted while the other and lower end of the screw is supported in a rotatably mounted nut journaled in a bearing supported on a base forming a portion of the main frame of the machine. *The screw may be moved endwise through the nut by rotating the screw by worm wheel and worm gearing secured to the upper end of the screw and actuated* [manually] *by a hand wheel, or by other worm and worm wheel gearing* [at the lower end of the screw] *transmitting power from a motor to the nut to rotate the nut.*" (Italics not quoted.)

It appears from appellant's application that the worm wheel and worm gear secured to the upper end of the screw and the worm and worm gear at the lower end of the screw secured to the rotatable nut form irreversible mechanisms for the revolving screw and the rotatable nut, respectively. When the screw is rotated by the worm gear and worm connected at the upper end thereof, the worm and worm gear at the lower end of the screw lock the rotatable nut against rotation with the screw. However, when the rotatable nut is rotated by the worm gear and worm at the lower end of the screw, the worm and worm gear at its upper end lock the screw against rotation with the rotatable nut. The rotation of either the screw or the nut raises or lowers the screw and through it the work support.

By appellant's improved structure, the use of clutches or equivalent devices has been eliminated.

The patent to Drake relates to a machine tool, specifically, as the patentee states, "Table Driving and Feeding Mechanism for Grinding-Machines." In the Drake structure, the work support is adjustable vertically relative to the grinding

tool. The patentee's adjusting mechanism comprises a *non-rotatable screw,* surrounded by an internally threaded sleeve which is operatively connected by *standard reversible gears* to a hand wheel whereby the threaded sleeve may be caused to rotate and move the non-rotatable screw upwardly or downwardly so as to bring the work support initially into contact with the grinding tool. The patentee's adjusting means also includes a pawl and ratchet which are operated by "any suitable source of power" to adjust the work support intermittently in relation to the grinding tool during the grinding operation. The patentee does not disclose the use of power driven means for giving the work support its initial adjustment, but relies upon the manually operated wheel to accomplish that purpose. In the patentee's structure the screw is the only slidable part. The manually operated wheel and the shaft and gears operated thereby are fixedly mounted in the frame of the device, instead of being mounted on the work support as in appellant's device.

The patent to Miller relates to valve operating mechanism and discloses irreversible gear mechanism for operating valves for oil pipes, 'steam pipes, water pipes, or other distributing means. In the patentee's structure the valve may be opened and closed either by hand or by power from an electric motor. As stated by the Primary Examiner, Miller discloses irreversible gears "for the movement of a screw endwise by rotating either the screw or a nut on the screw."

All of the appealed claims, except claim 15, were rejected by the Primary Examiner on the patent to Drake in view of either the patent to Schramm et al. or the patent to Miller. Claims 10, 11, and 12 were also rejected by the examiner on the disclosure in the Schramm et al. patent Claims 13, 14, 16, 17, and 18 were further rejected by the examiner on the patents to Filstrup and Lutz in view of either the Schramm et al. or Miller patents. Claim 15 was rejected by the examiner as defining nothing patentable over the patents to Schramm or Miller in view of the patents to Huxford et al. or Rockwell.

The Huxford et al. and Rockwell patents were cited for the purpose of showing that the automatic stop means, called for by claim 15, were old as disclosed in those patents.

In affirming the decision of the Primary Examiner, the Board of Appeals stated that the patent to Schramm et al. was not pertinent in that the patentees disclosed the use of spiral gears and auxiliary means to control back lash; that the patents to Filstrup and Lutz were merely cumulative and "need not be considered since if Miller is not pertinent art the claims cannot be properly rejected"; and that counsel for appellant did not contend that claim 15 was patentable "apart from the other claims." The board held that the patent to Miller was analogous art "since it is quite clear that Miller relates to irreversible means for driving either a screw or nut respectively for raising and lowering a valve," and stated that the fact that that patent was classified in the Patent Office in a class different from that of the Drake patent and appellant's device was no reason for considering it non-analogous art. The board further held that the appealed claims were unpatentable over the disclosure in the Drake patent in view of the disclosure in the patent to Miller, and said: *"What applicant has done is to raise and lower a work-table by the means shown by Miller. To reconstruct Drake's apparatus to produce such a control of the work-table is deemed obvious to any mechanic."* Italics ours.)

Appellant does not assign as one of his reasons of appeal in this court that the board erred in rejecting claim 15 on the patents to Drake and Miller in view of the patents to Huxford et al. or Rockwell. We are of opinion, therefore, that claim 15 is not properly before us for consideration, and the appeal as to that claim will be dismissed.

As hereinbefore noted, the Board of Appeals relied solely on the patent to Drake in view of the patent to Miller in holding that appealed claims 10 to 14, inclusive, 16, 17, and 18 were unpatentable, and stated that "if Miller is not pertinent art the claims cannot be properly rejected." Accordingly, we deem it unnecessary and, in fact, improper to consider the other references of record relied upon by the Primary Examiner.

It is so obvious as to require no extended discussion that, in order to utilize the irreversible gears disclosed in the patent to Miller in the machine tool disclosed in the patent to Drake to produce the structure defined by the appealed claims, it would

be necessary to completely reconstruct the Drake device, and there is nothing in either the Drake patent or the patent to Miller to suggest how that might be done. That being so, we are unable to agree with the views expressed by the Board of Appeals that appellant has done nothing more than raise and lower a work table by the means disclosed in the patent to Miller, and that to utilize the irreversible gears disclosed in the patent to Miller and to reconstruct the Drake apparatus in order to produce the device defined by the appealed claims would be obvious to one skilled in the art.

In appellant's structure the pawl and ratchet, included in the Drake adjusting means, have been eliminated and the manual adjusting mechanism has been mounted on the work support so that when the screw and work support are raised, or lowered either by the worm and worm gear secured to the upper end of the screw, or by the worm and worm gear at the lower end of the screw, the worm and worm gear at the upper end of the screw move up and down with the work support. By this arrangement, the worm and worm gear, as stated by counsel for appellant, always remain in mesh. Such an arrangement is clearly not contemplated by the patentee Drake, and there is no suggestion in either the Drake patent or the patent to Miller as to how the Drake structure could be modified so as to produce appellant's device.

That appellant's structure is superior to the Drake device is not questioned.

*For the purpose of this decision,* we have assumed, without holding, that the disclosure in the Miller patent is analogous art, rather than non-analogous art as contended here by counsel for appellant.

We have given careful consideration to the views expressed by the tribunals of the Patent Office but are unable to agree that the claims before us for consideration are unpatentable over the art of record.

The appeal is dismissed as to claim 15.

For the reasons hereinbefore stated, we are of opinion that claims 10 to 14, inclusive, 16, 17, and 18 define patentable subject matter. Accordingly, the decision of the Board of Appeals is reversed as to those claims.

Reversed.