32 C.C.P.A. (Patents)

### Application of DALZELL et al.

### Patent Appeal No. 4964.

Court of Customs and Patent Appeals.
March 5, 1945.

Rehearing Denied April 9, 1945.

Norman E. H. Deletzke, of Chicago, Ill., for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellants appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in finally rejecting claims 1 to 10 inclusive, 12 to 20 inclusive, 22, 27, 31 and 53 of their application for a patent on improvements in a "Heat · Exchange Device." Claim 11 was allowed by the examiner and claims 23, 29 and 30 were allowed by the board reversing the decision of the examiner with respect thereto. The rejections were based on lack of invention over the cited prior art. Certain claims were also rejected as aggregative.

The invention relates to a relatively conventional multi-zoned heat exchange device such as is used in cooling milk by trickling the milk from a source over plates through which a cooling medium circulates and gathering the milk in a trough at the bottom of the plates. While the application is long and the claims are many, in our opinion the device may be readily understood from a reading of claim 1, which we quote:

"1. In a heat exchanger for liquids of the class in which a plurality of heat exchange sections is swingably mounted above a base to move laterally from close side by side operative positions to positions in which they are accessible for cleaning, the combination with said base of a series of heat exchange medium supply and return manifolds mounted in spaced vertical relation upon said base, spacing means to maintain said manifolds in spaced vertical relation, means for securing said manifolds upon said base, and hinge means mounting said heat exchange sections upon said manifolds, whereby the heat exchange medium supply and return manifolds, said spacing means and said securing means become the vertical frame upon which the said sections are swingably mounted above said base."

The references relied upon are:

Desobry, 1,373,953, April 5, 1921;

Hope, 1,492,847, May 6, 1924;

Mojonnier et al., 2,040,947, May 19, 1936;

Behringer, 2,061,645, November 24, 1936;

Mojonnier, 2,169,054, August 8, 1939;

Feldmeier et al., 2,190,584, February 13, 1940;

Cornell, 2,200,355, May 14, 1940;

Newhall, 2,211,514, August 13, 1940.

Claim 1 was rejected as lacking invention over the patents of Feldmeier et al., Newhall, or Cornell.

Claim 2 was rejected as not patentable over the patents to Newhall and Mojonnier et al., in view of the patents to Behringer and Hope, and was also rejected as aggregative.

Claim 3 was rejected on the patents to Newhall, Feldmeier et al. or Behringer, singly or in· view of Mojonnier et al., and also as aggregative.

Claim 4 was rejected as unpatentable over the Behringer patent in view of the patents of Newhall or Cornell, and further as lacking invention over the patents to Newhall or Cornell in view of Behringer. It was also rejected as aggregative.

Claims 5 and 6 were rejected as lacking invention over the patent to Behringer or the patent to Mojonnier et al. Claim 6 was also rejected as reciting new matter, but this rejection was reversed by the board.

Claim 7 was rejected as not inventive over the patent to Feldmeier·et al., and also

as indefinite. The latter rejection was also reversed by the board.

Claims 8, 9, 12, 13, 19 and 53 were rejected for lack of invention over the patents to Feldmeier et al. or Cornell in view of Desobry.

Claims 10 and 14 were rejected as failing to patentably distinguish from the patents to Mojonnier et al., Cornell or Feldmeier et al. Claim 10 was also rejected as indefinite.

Claims 15, 16, 17 and 18 were rejected as unpatentable over either the patent to Behringer or the patent to Mojonnier et al.

Claim 20 was rejected as lacking invention over the patent to Mojonnier et al. in view of the patent to Feldmeier et al., and also as aggregative.

Claim 22 was rejected on the patents to Mojonnier et al. and Cornell.

Claim 27 was rejected as drawn to an old combination in view of the patents to Feldmeier et al. and Mojonnier et al.

Claim 31 was rejected for lack of invention over the patent to Mojonnier or the Feldmeier et al. reference.

■ The rejection of claim 10 by the examiner as being indefinite was not reversed by the board, and therefore must be considered as having been affirmed. Since no error has been alleged as to this rejection the decision must be affirmed by us without considering its merits. In re Rosenblatt, 28 C.C.P.A. (Patents) 1036, 118 F.2d 590.

■ The rejection of claim 20 on the ground of aggregation has not been challenged by the reasons of appeal and therefore must be affirmed.

We do not think it necessary to state with particularity the disclosures of the references. Suffice it to say that, with the exception of the Hope patent, all of them relate to heat exchange devices. That patent was cited to show that the use of heat exchange manifolds is old in the art. In discussing the claims we will point out their relationship to the prior art.

■ In the rejection of claim 1, the Feldmeier et al. patent—property of appellants' assignee—was relied upon as disclosing a plurality of swingable heat exchange sections with supply and return manifolds vertically spaced and supported.

The lower end of the device was properly considered by the examiner as a base. The patents of Newhall and Cornell disclose somewhat similar heat exchange structures and the supporting means in those patents are equivalent to those in the device of appellants. The decision of the board rejecting that claim will be affirmed.

■ Claim 2 was rejected as an aggregation of the multiple section heat exchanger and the specific construction of the manifold; claim 3, as an aggregation of flexible arms through which the medium of heat exchanges passes and the specific multi-zoned heat exchange plate; claim 4, because of the lack of patentable relation between the supporting means and the plurality of zones of the heat exchanger or the base. We agree with those rejections for the reason that no joint functional cooperation exists between the stated means, and each operates independently of the presence or absence of the other. Therefore it is not necessary to consider the rejection of those claims on the prior art.

Claims 5 and 6 define the detachable securing of the heat exchange sections to the hinges. The patent to Behringer discloses heat exchange sections swingably mounted on hinges, and the plates are detachable by means of bolts. The patent to Mojonnier et al. also shows bolts for similar purposes. The rejection, we agree, is proper.

Claim 7 defines a manifold mounted on the base of the device, the heat exchange sections mounted at corresponding ends upon the manifold, the standard, and means rigidly fixing one of the sections to the standard. The standard is the forward pipe or rod to which the middle heat exchange plate is attached. The patent to Feldmeier et al. discloses in one of the drawings the middle heat exchange section rigidly fixed similarly to that of appellants' device. The decision of the board rejecting claim 7 will be affirmed.

Claims 8, 9, 12, 13, 19 and 53 relate to the milk container or trough associated with the side walls of the casing within which the entire working parts of the device are enclosed, and the fastening of said collecting chambers or troughs. The patent to Cornell teaches the association of the milk trough with the walls of the structure. The milk-collecting means of the device of the Desobry patent are rigid-

ly attached to the side walls so that when the device is closed the pans on either side form one milk-accumulating means. Therefore in our opinion it would not involve invention to arrange the milk collector as was done by appellants in view of those patents. The decision of the Board of Appeals will be affirmed as to those claims.

Claim 14 defines the cabinet and hinge framework removably supporting the sections of the cabinet. Each of the patents to Mojonnier et al., Cornell, and Feldmeier et al. discloses a sectional cabinet surrounding the heat exchange sections. It is true that they do not show supporting framework for the casing sections, but it is clear that it would require only mechanical skill to provide, if so desired, a supporting frame. That claim, in our opinion, was properly rejected.

Claims 15, 16, 17 and 18 recite the bracing of the liquid-distributing element above the heat exchange elements. The devices of the Behringer patent and the Mojonnier et al. patent, on their upper edge sections disclose braces intended to distribute liquid evenly over the heat exchange sections. Furthermore, the mere reinforcing of any member for any purpose is not of itself a matter of invention. The decision of the board will be affirmed.

Claim 22 defines the milk-distributing chamber at the top of the heat exchange section and the milk-collecting chamber at the bottom thereof. The patents to Mojonnier et al. and Cornell disclose distributing chambers on top of the heat exchange sections, and even though the distributing and collecting chambers of the device of the rejected claim are swingable we do not think that such difference over the devices of the Mojonnier et al. and Cornell patents would involve the exercise of the inventive faculty.

Claim 27 defines the heat exchange sections, the liquid supply chamber with holes in the bottom thereof through which the milk percolates to the heat exchange sec-

tions, a pipe to supply liquid to the chamber and baffle means in the chamber to distribute the flow of liquid uniformly. It was rejected as an old combination in view of the patents to Feldmeier et al. and Mojonnier et al. The former patent discloses a combination of heat exchange sections, perforated milk supply means, and a supply pipe to the chamber. The device of the Mojonnier et al. patent shows a like organization. In our opinion the baffle of appellants' structure as a distributing means, even though it may be an improvement over the distributing means of those patents, does not modify the other elements in the combination. Therefore we agree that claim 27 was properly rejected.

Claim 31 was rejected as lacking invention over the patent to Mojonnier or the patent to Feldmeier et al. It defines a latch means on the supporting frame and latch-engaging means in the sections for holding the parts in operating position. The device of the Mojonnier patent discloses a latch means on the sections which engages the distributing pipes on the frame. We see no invention in broadly providing latching means to hold heat exchange sections to each other, and if it were desirable it would be quite obvious to latch the sections together.

In our opinion the appealed claims call for merely such changes as would be made, if thought desirable, by one skilled in the art in designing a heat exchanger. While it is true that the prior art does not contain an exact counterpart of the device defined by the rejected claims, the differences are clearly not patentable. The appealed claims seem to be directed to nothing more than a gathering together of parts of the prior art structures in a palpably obvious manner to make a structure which possibly may be better than any of those in the prior art, but nevertheless the building of such structure does not involve invention.

The decision of the Board of Appeals is affirmed.

Affirmed.