**In re SMITH.**

**Patent Appeals No. 4997.**

Court of Customs and Patent Appeals.

July 3, 1945.

Donald L. Brown, of Cambridge, Mass. (Charles Mikulka, of Cambridge, Mass., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

The Board of Appeals of the United States Patent Office allowed claims 1 and 4 in appellant's application for a patent relative to a device designed to be used as a coin holder and affirmed the action of the Primary Examiner in rejecting such of the remaining twenty claims in appellant's application as were presented to the board for review. From that part of the board's decision which affirmed the rejection of claims 3, 8, 10, and 19, this appeal is brought.

Before considering the merits of the claims, it is necessary to point out that claim 19 was rejected by the examiner, among other reasons, on the ground of indefiniteness; and the board affirmed the action of the examiner without specific mention of that ground. Since this ground of rejection is not challenged by appellant in his reasons of appeal, it follows that the decision of the board as to claim 19 may not be considered by the Court. See In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents,

The remaining three claims left for decision read as follows:

"3. A device for receiving, retaining and relinquishing coins having a predetermined dimension, said device comprising a trough-shaped element open at least at one end, said open end being at all times exposed, the material of said element being resilient and the side portions of said element forming flanges, at a distance from each other slightly less than said dimension, each of said flanges being integral with the floor of said element and bent as a whole into a curl having its surface convex toward the curl of the opposite flange, whereby said coins may be inserted from the open face of said element, and may be resiliently retained by and between said curls, and may be slid endwise for removal, the floor of said element being arcuate at least in part, whereby force on the back of said element toward a retained coin releases the pressure between said curls and the retained coin.

"8. A coin holder, open at least at one end, having an arcuate back, and nipping edges, to form a trough in which coins may be inserted and thereupon held by a nipping grip of and between said edges, and from which trough the coins may be slid endwise of said device for removal, the removal being capable of being eased by pressure as from thumb and finger front and back of the coin and holder the removal of each succeeding coin being through positions held by previously removed coins.

"10. A coin holder, open at least at one end, having an arcuate back, and nipping edges, to form a trough in which coins may be inserted and thereupon held by a nipping grip of and between said edges, and from which trough the coins may be slid endwise for removal, the removal being capable of being eased by pressure as from thumb and finger front and back of the coin and holder, and means for attaching to a support."

The references are: Holmes 202,545 April 16, 1878; Barnes 1,939,642 December 19, 1933; Kindermann (Br.) 14,306 June 29, 1916; Jakobsen (Sw.) 81,714 August 16, 1934.

The appealed claims define a coin holder made of resilient material and comprising an elongated strip having a substantially curved shape cross-section joined to parallel walls, the edges of which are rolled or beaded over towards each other with the distance between them slightly less than the diameter of the coin to be held, thus forming a shallow device with an arcuate floor. The coins are placed in the device in an edge-to-edge relation and are held in place by the pressure exercised upon them by the beaded edges of the walls. The application of pressure at the back of the arcuate floor will extend the distance between the opposite flanges or beaded edges of the opposite walls of the device and the pressure on the coin is thus lessened so that the coin may be moved.

The patent to Holmes describes an improvement in coin holding, counting, and delivering devices consisting among other things of an elongated tube of metal or other elastic material, made elliptical in cross-section, or arcuate, and having an opening in one end for the insertion of the coins, and an opening extending continuously along one side, through which the edges of the coins are exposed for the purpose of handling. The tube is made of such size in its smaller diameter as to clasp and hold the coins after insertion with a sufficient degree of friction to prevent the coins from being accidentally shifted or removed while at the same time, owing to the elasticity of the walls, the tube may be compressed in the direction of its largest diameter so as to admit of the insertion of the coins or their ready removal from the tube.

Appellant contends that the Board of Appeals erred in holding that the flat ledge shown in the device defined in the allowed claims was the only novel feature disclosed in his application for a patent and urges that the attaching means defined in the appealed claims for gripping the coins constitutes patentable invention.

The only substantial difference between the patent to Holmes and the appealed claims is that Holmes does not describe the rolled edges. The patent to Jakobsen defines such an edge in a clamp provided with two elastic lobes or projections with inwardly *rolled* collars, which collars serve to exert pressure on a wire to grip and hold it in position. No invention would be involved in modifying the structure defined in the Holmes patent by adding thereto the rolled edges disclosed in the patent to Jakobsen. That is what appellant has done.

Appellant contends further that Holmes discloses a structure radically different from that defined in the appealed claims inasmuch as the coins in Holmes are held face to face with adjacent coins while in appellant's disclosure the coins are held

in edge-to-edge position so that they may be slid endwise for removal from the open end of the device.

It is true, as pointed out by the examiner, that: "these rejected claims read on structure as in Holmes where coins are held with their faces in contact with adjacent coins and are not restricted to structure which holds the coins with their peripheries contacting adjacent coins. * * * The depth of the coin channel is not limited to holding coins with their peripheries in contact but may be of sufficient depth to hold coins with their faces in contact."

Moreover, the statement that the coins are positioned edge-to-edge and that they may be slid endwise through the trough does not make appellant's device patentably different from Holmes.

Since the remainder of the references are only cumulative, it is unnecessary to discuss them.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.