33 C.C.P.A.(Patents)

## Application of GLOCKER.
### Patent Appeal No. 5085.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

P. E. Henninger, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the claims (Nos. 2 and 3) in appellant's application

for a patent for an alleged invention relating to containers, particularly of glass or other moldable material, adapted to be hermetically sealed by atmospheric pressure.

Claim 2 is illustrative of the appealed claims. It reads:

"2. A container comprising a receptacle having a mouth provided with a side wall adapted to support the outer side of a sealing member and terminating in an annular shoulder internally of said receptacle adapted to support the inner end of a sealing member, a lid for said receptacle having means adapted to seat the outer end of a sealing member, a sealing member having a thickness less than the width of said shoulder seated at its outer end by said means and having its inner end in contact with said shoulder while providing a space between the outer face thereof and the adjacent surface of said wall, and a backing member depending from said lid at the inner side of said sealing member and having a surface in close supporting contact with the entire inner wall of said sealing member, said backing member being of such length as to extend beyond said sealing member to a point below the plane of said shoulder prior to the sealing of said receptacle whereby contact of said depending member with said shoulder limits the lateral movement of said sealing member and maintains the outer side thereof out of contact with said wall during initial sealing operations."

The references are: Keefer, 741,969, Oct. 20, 1903; Brelle, 1,042,390, Oct. 29, 1912; Glocker, 2,187,394, Jan. 16, 1940.

Appellant's container comprises a jar and a lid therefor. The wall of the mouth of the jar and the lid are of such proportions as to obtain a perfect seal and at the same time permit considerable clearance between the outer face of the lid and the inner face of the mouth of the jar as more fully set forth in the quoted claim.

The appealed claims were rejected by the Primary Examiner on either the patent to Keefer or the patent to Brelle in view of the patent to Glocker (appellant's patent).

In its decision affirming that of the Primary Examiner, the Board of Appeals described in some detail the disclosure in the Glocker patent and held that the appealed claims were unpatentable over that disclosure. With reference to the Keefer

and Brelle patents, the Board said: "While the Keefer and Brelle patents show jar closures of much the same type, still they do not appear to be as pertinent as appellant's prior patent and a detailed discussion of these two references is not deemed necessary as they are cumulative only."

█ It will be observed that the Board did not hold that the Keefer and Brelle patents were not pertinent art, but merely stated that they were not as pertinent as appellant's patent and treated them as "cumulative only." The Board entered a general affirmance of the Examiner's decision, and neither expressly nor impliedly reversed his holding as to the applicability and pertinency of the disclosures in the Keefer and Brelle patents. Accordingly, the decision of the Board is in legal effect an affirmance of the decision of the Primary Examiner on all grounds of rejection. In re Boyce, Cust. & Pat. App., 144 F.2d 896, and cases therein cited.

Appellant's reasons of appeal in this court are three in number. They read:

"1. The Board of Appeals erred in holding claims 2 and 3 of the application unpatentable."

"2. The Board of Appeals erred in holding that the subject-matter defined in claims 2 and 3 would suggest itself to a skilled workman seeking to improve the Glocker patent No. 2,187,394.

"3. The Board of Appeals erred in failing to find claims 2 and 3 of the application patentable."

█ Appellant has not questioned in his reasons of appeal the pertinency of the disclosures in the patents to Keefer and Brelle. Those references, therefore, are not before us for consideration. Accordingly, should we disagree with the board's holding that the appealed claims are unpatentable over the disclosure in appellant's patent, the board's decision would, nevertheless, have to be affirmed. Under the related circumstances it would avail appellant nothing for us to decide the issue raised by his second reason of appeal, which avers that the board erred in holding that the appealed claims are unpatentable over appellant's patent. In re Dichter, 110 F.2d 664, 27 C.C.P.A., Patents, 1060; In re Jeffery, 112 F.2d 827, 27 C.C.P.A., Patents, 1311; In re Rosenblatt, 118 F.2d 590, 28 C.C.P.A., Patents, 1036; In re Lincoln et al., 126 F.2d 477, 29 C.C.P.A., Patents, 942; In re Sebald, 143 F.2d 366, 31 C.C.P.A., Patents, 1148; In re Boyce, supra.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.