734

33 C.C.P.A.(Patents)

## In re SCHARF.
### Patent Appeals No. 5133.

Court of Customs and Patent Appeals.
May 7, 1946.

Charles E. Carney, of Cleveland, Ohio (A. Ponack, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1, 2, 3, 5, 6, and 9) in appellant's application for a patent for an alleged invention relating to a product comprising soybean lecithin (soybean phosphatide), in an amount not less than 20%, and a substance rich in vitamin B. complex, and a process of making the same.

Claims 1 and 3 are sufficiently illustrative of the appealed claims. They read:

"1. A product containing commercial soybean lecithin and a substance rich in the Vitamin B complex the amount of phosphatides being not less than about 20% of the Vitamin B containing material.

"3. The process of preparing a mixture of soybean phosphatides and a substance containing the Vitamin B complex which comprises triturating the phosphatides with the substance containing the Vitamin B complex, the amount of phosphatide being at least 20% of the Vitamin B containing material."

The references are: Bresnick, 2,007,108, July 2, 1935; Holmes, 2,051,257, Aug. 18, 1936; Schultz et al., 2,136,399, Nov. 15, 1938; Thurman, 2,201,064, May 14, 1940; Nitardy, 2,206,113, July 2, 1940; U. S. Dispensatory, 22d Ed. (1937) pages 1448, 1449; William & Spies publication "Vitamin B1 and Its use in Medicine," page 283. Reference showing the state of the art: Sollman—Manual of Pharmacology (1932) page 412.

Appellant's alleged invention is sufficiently described in the quoted claims.

In his application, appellant states:

"It has been found that a higher intake of Vitamin $B_1$ in the diet will require more choline in the diet, while an increased intake of phosphorus in the diet will require more Vitamin $B_1$, and that it is advantageous to administer said substances together and in the proper relation.

"This can be achieved with lecithin, which yields during digestion both choline and phosphoric acid and which may be combined with some Vitamin B containing material such as yeast or rice-polish."

Appellant further states in his application that vitamin $B_1$ aids in the conversion of sugar to fat, and that "choline has a hormonal effect in maintaining the normal level of liver fat and the normality of the lipoid metabolism."

The appealed claims were rejected by the Primary Examiner on all the foregoing stated references, except the William & Spies publication. The claims were further rejected by the examiner as covering merely an aggregation of old and well-known medicinals in which each performs its function without co-action with the other medicinals, and also on the ground of undue multiplicity.

As to the latter ground of rejection, the Primary Examiner said: "The claims are further rejected as being unduly multiplied. Claim 1 as amended and claim 6 fail to differ patentably. Claim 1 uses the expression 'soybean lecithin' while claim 6 uses the expression 'soybean phosphatides'. The soybean phosphatide, however, is soybean lecithin as shown by the Dispensatory and by page 2, lines 3 and 6, of the specification. Hence, claims 1 and 6 are for the same composition. It does not appear necessary to have two claims for the same thing."

■ In affirming the decision of the Primary Examiner, the Board of Appeals cited the William & Spies publication, which had not been cited by the examiner, and apparently relied upon the disclosure in that reference and the disclosures in the patents to Schultz et al. and Nitardy. The board did not refer to the Primary Examiner's rejection of the appealed claims on the grounds of aggregation and undue multiplicity either in its original decision or in its decision on appellant's request for reconsideration of its original decision. However, it entered a general affirmance of the examiner's decision, which amounts to an affirmance of the examiner's holding that the claims were unduly multiplied.

■ In his appeal to this court, appellant did not assign as one of his reasons of appeal that the board erred in rejecting the appealed claims on the ground of undue multiplicity. That ground of rejection, therefore, is not before us for consideration. Accordingly, should we disagree with the board's holding that the appealed claims are unpatentable over the disclosures in the prior art, the decision of the board would, nevertheless, have to be affirmed. Under the circumstances "it would avail appellant nothing for us to decide" the issues raised by his reasons of appeal which aver that the board erred in holding that the appealed claims are unpatentable over the prior art and that they are aggregative. See In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718, wherein we quoted from the headnotes of our decision in the case of In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991, as follows [144 F.2d 897]: "The Board of Appeals having affirmed the decision of the examiner in rejecting the claims of appellant on certain grounds and upon certain named references, *held* that such affirmance has the legal effect of a rejection upon the grounds and references cited by examiner, and not expressly reversed by the board." (Italics quoted.)

We then said:

"The rule thus announced was not deemed to be revolutionary in character but was thought to be based upon sound reason in the light of the statute defining the court's jurisdiction in patent appeals. Its reasonableness has never been challenged before us by the patent bar, but, repeatedly, we have been confronted with appeals in cases where the board made no mention of some of the references cited

by examiners and appellants failed (as appellant here failed) to challenge their application in the reasons of appeal so as to require or admit of their consideration by us. Such situations have frequently caused embarrassment to counsel, and, in some measure, to the court, since it is our desire to give full consideration to every element involved in cases brought before us. This we do when the reasons of appeal conform to the statute and the rules.

"It is our hope that all the attorneys engaged in the practice of patent law may become familiar with the rule announced in the Wagenhorst case, supra, and appreciate the necessity of observing it, and, with the thought in mind that it may aid in emphasizing its importance, we have collated an extensive list of cases in which it has been applied since its original announcement more than eleven years ago, from which time it has been consistently followed by us." (Italics quoted.)

The court then cited twenty-seven cases in support of the stated rule, and held that as the board had entered a general affirmance of the examiner's decision rejecting the claims there on appeal, but referred in its decision to but one of the references relied upon by the examiner, and as appellant in his reasons of appeal in this court assigned error only as to the applicability of the reference referred to by the board, the court was required to treat all of the references cited by the examiner as valid, and stated that should we be of opinion that the claims were patentable over the reference referred to by the board, the board's decision would, nevertheless, have to be affirmed. See also In re Dichter, 110 F.2d 664, 27 C.C.P.A., Patents, 1060; In re Rosenblatt, 118 F.2d 590, 28 C.C.P.A., Patents, 1036; In re Arter, 147 F.2d 701, 32 C.C.P.A., Patents, 882, 886; Application of Dalzell et al., 148 F.2d 357, 32 C.C.P.A., Patents, 938, 941; In re Smith, 150 F.2d 700, 32 C.C.P.A., Patents, 1256; Application of Glocker, 153 F.2d 119, 33 C.C.P.A., Patents, ——.

■ It is well settled that undue multiplicity of claims is a proper ground of rejection. In re Buttolph, 75 F.2d 629, 22 C.C.P.A., Patents, 973.

Although we are without jurisdiction in the instant case to determine the soundness of the Primary Examiner's rejection of the appealed claims on the ground of undue multiplicity, we have expressed our views with regard to the latitude that should be permitted applicants in defining their inventions in claims worded in different language in our decision in the case of Application of Turner, 150 F.2d 149, 33 C.C.P.A., Patents, ——.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.