27 C.C.P.A.(Patents)

## In re DICHTER.
### Patent Appeal No. 4245..

Court of Customs and Patent Appeals.
April 1, 1940.

Charles B. Belknap, of Toledo, Ohio (George A. Degnan, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner rejecting all of the claims 2, 3, 7, 8, 13, 16, 18 and 19 of an application of appellant for a patent for alleged new and useful improvements in a container or vial adapted for the storing and shipping of tablets, pills, powders, etc., in which the usual reduced neck portion is eliminated, and a method of making the same. All of the involved claims relate to the article.

The examiner rejected the claims for want of invention over the prior art, which reason for rejection was affirmed by the Board of Appeals.

In view of our conclusion that the appeal must be dismissed, it is not necessary to set out any of the claims or the cited references.

In the notice of appeal to this court the reasons of appeal were set out as follows:

1. The Board of Appeals was in error in rejecting claims 2, 3, 7, 8, 13, 16, 18 and 19.

2. The Board of Appeals was in error in not allowing claims 2, 3, 7, 8, 13, 16, 18 and 19.

3. The Board of Appeals was in error in affirming the decision of the Primary Examiner as to claims 2, 3, 7, 8, 13, 16, 18 and 19.

The record containing the said notice of appeal was filed in this court February 16, 1939. The brief of appellant was filed June 3, 1939, and the brief of the attorney for the Commissioner of Patents was filed September 8, 1939. On December 19, 1939, counsel for appellant filed a "Motion to Amend Assignments of Error." The proposed amendment consists of adding to the alleged reasons of appeal above quoted two further reasons. The additional reasons sought to be introduced are clearly in proper legal form and substance. We are of opinion, however, that the amendment cannot be allowed.

Section 4912, R.S., U.S.C. title 35, sec. 60, 35 U.S.C.A. § 60, provides that in appeals taken to this court the appellant shall, among other things, file in the Patent Office "his reasons of appeal, *specifically* set forth in writing." (Italics ours)

Section 4914, R.S., U.S.C. title 35, sec. 62, 35 U.S.C.A. § 62, provides, among other things, that this court shall "revise the decision appealed from in a summary way * * *; *and the revision shall be confined to the points set forth in the reasons of appeal.*" (Italics ours)

The alleged reasons of appeal filed herein on February 16, 1939, are merely state-

ments that the Board of Appeals erred. They contain no specification as to what error the board committed. If, in fact, the board did commit error it has not been pointed out. The alleged reasons of appeal lack vitality, and, in reality are not reasons of appeal within the meaning of the statute. The appellant, therefore, has failed to comply with section 4912, R.S., supra, and his failure to do so precludes our consideration of the appeal because section 4914, R.S., supra, which provides that this court shall "revise the decision appealed from" also provides that *the revision shall be confined to the points set forth in the reasons of appeal.* It being mandatory that we confine our revision *"to the points set forth in the reasons of appeal,"* and there being no points set forth in the notice of appeal filed herein, we are without authority to revise the decision of the board. See In Re Thomas & Hochwalt, 83 F.2d 902, 23 C.C.P.A., Patents, 1238; and In Re Wheeler, 83 F.2d 904, 23 C.C.P.A., Patents, 1241.

In the Thomas & Hochwalt case, supra, this court had before it a notice of appeal in which it was alleged that the Board of Appeals "erred in affirming the final rejection" of certain claims, and that the Board of Appeals "erred in failing to allow" certain claims. As to those reasons of appeal the court said [23 C.C.P.A., Patents, 1238, 83 F.2d 904]:

"In the case at bar appellants have contented themselves in their reasons of appeal with the mere statement that the Board of Appeals erred in affirming the final rejection of the appealed claims, and in failing to allow them.

"Appellants having failed to set forth specific reasons why the decision of the Board of Appeals should be either modified or reversed, we have no authority * * * to revise the Board's decision."

In the Wheeler case, supra, this court had the following to say as to the sufficiency of the reasons of appeal filed therein [23 C.C.P.A., Patents, 1241, 83 F.2d 906]: "Appellant having contented himself in his notice of appeal with a mere statement that the Board of Appeals had erred in its conclusion, both as to law and the facts, and having failed to set forth specific reasons why the decision should be either modified or reversed, this court has no authority to revise the decision of the Board of Appeals. [Citing section 4914 R.S., supra, and the Thomas & Hochwalt case, supra]."

These authorities, it seems to us, are pertinent and controlling here.

 The proposed amendment tendered on December 19, 1939, specifically sets forth in writing certain errors alleged to have been committed by the board; but it is not timely—being filed after the expiration of the forty-day limit provided in Rule 149 of the Patent Office. We cannot consider it as an amendment relating back to February 16, 1939, when the original reasons of appeal were filed, because said reasons of appeal were fatally defective, and, when measured by the statutory language hereinabove referred to, constitute no reasons of appeal at all and are, in effect, a nullity. Consequently, there is nothing before us which can be amended.

For the reasons contained herein the appeal must be and is dismissed.

Dismissed.