50 CCPA
**Application of Erich TIMMERBEIL, Hugo Timmerbeil and Paul Timmerbeil.**

Patent Appeal No. 6898.

United States Court of Customs and Patent Appeals.

July 26, 1963.

Michael S. Striker, New York City, for appellants.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

All the claims in appellants' application [1] for a patent on a "Strapping Band Device and Method of Making Same," were rejected by the examiner as unpatentable over the prior art. In affirming that action, the Board of Appeals stated in part:

The references relied upon by the Examiner are:

| | | |
|---|---|---|
| Holmes et al. | 113,518 | April 11, 1871 |
| Olmsted | 180,910 | August 8, 1876 |
| Beugler | 1,203,688 | November 7, 1916 |
| Gibausset et al. (France) | 774,167 | September 17, 1934 |
| Timmerbeil | 417,821 | October 12, 1934 |
| Titan Eisenwaren- fabrik (Germany) | 648,535 | August 3, 1937 |

"The appealed claims relate to a band for securing bales, the bands having manually operable interlocking means.

"Claim 2 is rejected by the Examiner as unpatentable over Gibausset et al., Timmerbeil or Titan Eisenwarenfabrik. Claims 4 to 6 and 8 to 10 are rejected by the Examiner as unpatentable over the same references, each in view of either Olmsted or Beugler. Claim 11 is rejected by the Examiner as unpatentable over the references applied to claim 2 taken with Holmes et al."

1. Serial No. 384,666, filed October 7, 1953.

Appellant appeals from that decision. The statute governing appeals to this court [2] requires that:

"When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, *and shall file in the Patent Office his reasons of appeal, specifically set forth in writing,* within such time after the date of the decision appealed from, not less than sixty days, as the Commissioner appoints." (Emphasis supplied.)

Appellants' attempted compliance with that statute consists of the following reasons of appeal:

"1. It was error to affirm the decision of the Examiner in his rejection of claims 2, 4 to 6 and 8 to 11.

"2. It was error to refuse to allow the rejected claims."

The solicitor argues that those reasons do not satisfy the statute and that the appeal should be dismissed, relying on In re Dichter, 110 F.2d 664, 27 CCPA 1060, and cases cited therein.

In In re Gruschwitz, Patent Appeal 6885, CCPA, 320 F.2d 401, decided concurrently, the same counsel made much the same argument and relied on the same decisions as here. We hold here, as there, that the reasons of appeal are merely broad allegations that the board erred, clearly lacking the *specificity* the statute requires. The appeal is dismissed.

Dismissed.

MARTIN, Judge (concurring).

As I stated in PA 6885, CCPA, 320 F.2d 401, which has identical reasons of appeal,[1] it should be remembered that the question of whether specific reasons of appeal are adequate depends upon the factual situation in the appeal in which the particular reasons are filed. Where in one case the reasons of appeal set forth by appellant would be sufficient, the same reasons in another appeal involving a different set of facts might not be adequate.

Therefore, when an appeal is dismissed, I believe it is incumbent upon us to state specifically wherein the reasons of appeal are insufficient. Here, it seems to me that since several references have been cited by the examiner and the board as the basis for the rejection of the appealed claims, appellants failed to comply with the provisions of 35 U.S. C. § 142 in not setting forth their position as to these references in their reasons of appeal. Under these circumstances I would dismiss this appeal.

RICH, Judge (dissenting).

For reasons stated in No. 6885, CCPA, 320 F.2d 401, decided concurrently herewith, we should decide this case on its merits.

SMITH, Judge (dissenting).

This appeal and the appeal in In re Gruschwitz et al. (PA 6885), CCPA, 320 F.2d 401, decided concurrently herewith, have been dismissed by the majority because they find that appellants' reasons of appeal do not meet the requirements of 35 U.S.C. § 142. Unlike the situation in In re LePage's Inc., 312 F.2d 455, 50 CCPA 852, where *no reason of appeal was filed,* appellants here have filed the two reasons of appeal quoted in the majority opinion. These reasons of appeal, as do the reasons of appeal in the Gruschwitz case, conform in content to reasons of appeal accepted by this court in a number of other cases which Judge Rich has cited in his dissenting opinion in the Gruschwitz case, with which I concur.

---

2. 35 U.S.C. § 142.

1. The same reasons of appeal can also be found in In re Arnold and Brandt, 315 F. 2d 951, 50 CCPA 1166.

In April of this year a majority of the court accepted as adequate a reason of appeal reading as follows:

"1. It was error to affirm the decision of the Examiner in his rejection of claims 18 to 28."[1]

Having joined in the majority opinion in that case, it is difficult for me to reconcile it with the majority opinion in the present appeal. The majority opinion in the Gruschwitz case and Judge Martin's concurring opinion here suggest that the facts are different. I agree. However, this distinction does not provide a basis which I can accept as explaining the different result reached here. Our concern should be to determine whether the new facts present different legal issues. In my opinion they do not.

Judge Rich in his separate dissenting opinion in the Gruschwitz case has pointed out the often contradictory opinions of this court which present one of the most confused and perplexing situations imaginable.

The present situation recalls those now long forgotten cases involving common law pleading wherein justice depended less on the merits of the cause of action than it did on the niceties of the specific word selection of the pleader. It was the historic subordination of justice to the formal niceties of pleading which forced procedural reforms, which, in federal practice, have been embodied in the Federal Rules of Civil Procedure. The spirit of these rules, as stated in Rule 1, is that they "shall be construed to secure the just, speedy, and inexpensive determination of every action." In accordance with this spirit, Rule 73 provides a simplified manner for taking appeals from a district court to a court of appeals which experience has shown is "just, speedy, and inexpensive." Rule 73 further provides in para. (a) that "A party may appeal from a judgment by filing with the district court a notice of appeal." Para. (b) of this rule further provides: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken." Pertinent also is Rule 75(d) which provides that "No assignment of errors is necessary." The notice and reasons of appeal which the majority here find to be insufficient fully comply with F.R. C.P. 73(a) and (b). I know of no reason why we should require more of an unsuccessful applicant before the United States Patent Office who wishes to appeal here than is required of an unsuccessful litigant in appealing the decision of a United States district court.

While I recognize that the Federal Rules of Civil Procedure are not generally applicable to appeals to this court under 35 U.S.C. § 142, it seems to me, however, that our procedures should be construed in the spirit of these rules to the end that here, as in other federal courts, the litigants may secure the "just, speedy, and inexpensive determination of every action." Measured against such a norm, the majority view here cannot be justified.

A reasonable solution to this problem is to hold that the question of the sufficiency of the reasons of appeal must be timely raised or it is waived. I do not consider this issue to have been timely raised when, as here, it is first presented in the solicitor's brief. I would, therefore, treat the solicitor's objection as coming too late and would proceed to a decision of the merits of the appeal. I think such a resolution of the issue is required if we are to give effect to the thought recently expressed by Mr. Justice Goldberg in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222, that:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is

1. In re Arnold and Brandt, 315 F.2d 951, 50 CCPA 1166. (Decided April 25, 1963.)

a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48 [78 S.Ct. 99, 2 L.Ed.2d 80]. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1."